995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred Davis ADAMS, Defendant-Appellant.
 No. 92-10323.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1993.
Decided May 25, 1993.
 
 1
 Before REINHARDT, TROTT and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Alfred Davis Adams appeals his conviction and sentence for conspiracy to rob a bank, 18 U.S.C. § 371, and aiding and abetting a bank robbery, 18 U.S.C. §§ 2113(a) & 2. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * Adams first argues that the district court erred in denying his motion to dismiss for pre-indictment delay. We review the denial of the motion for abuse of discretion, and we review the finding of lack of actual prejudice for clear error. United States v. Huntley, 976 F.2d 1287, 1290 (9th Cir.1992).
 
 
 5
 Delay between a crime and an indictment is generally covered by the statute of limitations; however, in some circumstances, the Due Process Clause requires dismissal of an indictment brought within the limitations period. Id. We apply a two part test: (1) did the defendant prove actual, non-speculative prejudice from the delay; and (2) does the length of the delay, when balanced against the reason for the delay, offend "fundamental conceptions of justice which lie at the base of our civil and political institutions." United States v. Sherlock, 962 F.2d 1349, 1353-54 (9th Cir.1989) (quotations omitted), cert. denied, 113 S.Ct. 419 (1992).
 
 
 6
 Adams argues that he was prejudiced by the delay because a witness, Mary Thomas, became unavailable during the delay. According to Adams, Thomas was present when Adams wrote the robbery notes and could have testified as to Adams's mental state. Thomas gave a voluntary statement to police after Adams's arrest, and the government asserts that her statement inculpated Adams. The statement was never introduced.
 
 
 7
 The burden of proving actual prejudice is a difficult one. Huntley, 976 F.2d at 1290 ("only two cases since 1975 in which any circuit has upheld a due process claim"); Sherlock, 962 F.2d at 1354. The defendant must demonstrate by definite and non-speculative evidence how the loss of a witness is prejudicial to the case. Huntley, 976 F.2d at 1290. Adams fails to make this showing. The only thing in the record about Thomas's potential testimony is that the government thinks it would be inculpatory; it is only speculation that Thomas would testify that Adams lacked intent when he wrote the notes. Adams does not bring forward definite and non-speculative evidence about how Thomas would help his case. This circuit has noted that protection from lost testimony generally falls solely within the ambit of the statute of limitations. Sherlock, 962 F.2d at 1354. Adams fails to distinguish his case from the norm.
 
 
 8
 Adams also argues that we should apply the Barker v. Wingo, 407 U.S. 514 (1972) test for constitutional speedy trial violations. The Barker v. Wingo inquiry applies to delays between "federal accusation" and trial. See United States v. Valentine, 783 F.2d 1413, 1417 (9th Cir.1986). "Federal accusation" means arrest, service of summons, or indictment by federal authorities. Id. Adams's arrest by Las Vegas Police was not "federal accusation" for the purposes of the Sixth Amendment. Id. (arrest by state officials not federal accusation). Adams's June, 1991 federal indictment appears to be the first accusation by federal authorities.
 
 
 9
 Hence the delay between federal accusation and Adams's December, 1991 trial was six months. Six months is barely enough to trigger the factors for a speedy trial inquiry. Id. (six months is a "borderline case."); see also Doggett v. United States, 112 S.Ct. 2686, 2691 n. 1. (1992) (courts have generally found delays approaching one year to invoke Barker inquiry). The speedy trial factors are: length of delay, reason for delay, timeliness and manner of Adams's assertion of his speedy trial rights, and prejudice caused by the delay. Doggett, 112 S.Ct. at 2690. Adams fails to bring forward any facts about the reasons for the six month delay between accusation and trial, or whether he asserted his rights to a speedy trial. Adams also fails to establish any actual prejudice from the six month delay. Hence, none of the Barker factors favors Adams. See Valentine, 783 F.2d at 1417-18 (finding no violation in six month delay with minimal prejudice).
 
 
 10
 Adams also argues that the pre-indictment delay violates the Speedy Trial Act. The Speedy Trial Act sets a thirty day limit for arrest to indictment. 18 U.S.C. § 3161(b). Only a federal arrest will trigger the running of the time period set forth in 18 U.S.C. § 3161(b). United States v. Johnson, 953 F.2d 1167, 1172 (9th Cir.), cert. denied, 113 S.Ct. 226 (1992). As there was no federal arrest before the federal indictment, the Speedy Trial Act was not violated. Id.
 
 II
 
 11
 Adams next argues that the district court erred in denying his motion to suppress evidence obtained during his arrest. Adams argues that he did not voluntarily consent to the search of the motel room during his arrest. Whether a district court correctly found that a defendant's consent was voluntary is subject to the clearly erroneous standard of review. United States v. Preciado-Robles, 964 F.2d 882, 885 (9th Cir.1992). Voluntariness is based on the totality of the circumstances. Id. We consider five factors: whether the defendant was in custody; whether the arresting officer had drawn a gun; whether Miranda warnings had been given; whether the defendant was told he had a right not to consent; and whether the defendant was told a search warrant could be obtained. Id. We consider the evidence in the light most favorable to the fact-finder's decision. United States v. Castillo, 866 F.2d 1071, 1082 (9th Cir.1988).
 
 
 12
 Adams signed a consent to search form and arresting Officer Patrick Wayne Franks testified that Adams verbally consented to the search. Franks also testified that when Adams was asked for his consent, the officers' guns were not drawn, Miranda warnings were given, and Adams was not told that a search warrant could be obtained if he did not consent. The district court found that the atmosphere was not coercive, and that Adams voluntarily consented. This finding is not clearly erroneous.
 
 
 13
 Adams also appears to argue that the police should have knocked before entering the room. The district court found that exigent circumstances existed which excused the failure to knock before entering. A finding of exigent circumstances is reviewed de novo. United States v. Ramirez, 770 F.2d 1458, 1460 (9th Cir.1985). Exigent circumstances exist when the police believe that announcement will place them or their associates in physical peril. Id. Here, Franks testified that because of Adams's previous convictions for homicide and robbery, he was concerned for his and the other officers's safety. The district court found that the officers reasonably believed that a knock or notice would increase peril to themselves. Adams raises no evidence which suggests that Franks's belief was unreasonable. Exigent circumstances justified the officers's no-knock entry. See United States v. Turner, 926 F.2d 883, 887 (9th Cir.) (finding exigent circumstances), cert. denied, 112 S.Ct. 103 (1991).
 
 III
 
 14
 Adams next argues that there was insufficient evidence of criminal intent to sustain his conviction. There is sufficient evidence to support a conviction if, "reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Adams admitted at trial to writing the bank robbery notes, his coconspirator Juanita Brumfield testified that Adams wrote the notes, Adams's fingerprints were found on the notes, and handwriting analysis confirmed that Adams wrote the notes.
 
 
 15
 Nevertheless, Adams argues that since he was intoxicated when he wrote the notes, he could not form the criminal intent to be guilty of conspiracy to commit bank robbery and aiding and abetting bank robbery. The only evidence regarding intoxication is Adams and Brumfield's testimony that Adams was intoxicated when he wrote the notes. The jury implicitly chose not to believe Adams and Brumfield, and we cannot question this decision. There was sufficient evidence to support the conviction.
 
 IV
 
 16
 Adams finally argues that the district court erred in applying the Sentencing Guidelines. Adams contends that since there is evidence that the conspiracy began before November 1, 1987, i.e., the effective date of the Guidelines, the Guidelines should not have been applied. The indictment alleged that the conspiracy began on or about November 1, 1987 and ended on or about November 10, 1987, the day of the bank robbery. Regardless of when the conspiracy began, since it extended beyond November 1, 1987, the Guidelines apply. United States v. Kohl, 972 F.2d 294, 297-98 (9th Cir.1992) (Guidelines apply to conspiracies beginning before November 1, 1987 and extending past November 1, 1987); United States v. Gray, 876 F.2d 1411, 1418 (9th Cir.1989) ("The Sentencing Guidelines apply to offenses initiated before November 1, 1987, but not completed until after November 1, 1987."), cert. denied, 495 U.S. 930 (1990).
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3