33 F.3d 58
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward Anthony GILLILAND, Petitioner-Appellant,
v.
Dorothy C. VIGIL, Warden; Jim Thomas, Attorney General of
the State of Arizona, Respondents-Appellees.
 No. 93-16605.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 10, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward A. Gilliland, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. Gilliland raises four contentions on appeal: 1) the district court erred in concluding he procedurally defaulted on several claims; 2) a sixteen-month delay violated his right to a speedy trial; 3) trial counsel rendered ineffective assistance; and 4) the prosecutor improperly commented on Gilliland's failure to testify. We have jurisdiction under 28 U.S.C. Sec. 1291 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 Procedural Default
 
 3
 A state prisoner must exhaust available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. Sec. 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). A petitioner satisfies the exhaustion requirement by fairly presenting all claims to the highest state court. Picard v. Connor, 404 U.S. 270, 276 (1971); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906 (9th Cir.1986). Procedural default occurs when a petitioner has never presented a claim in state court and is now barred from doing so by state court procedural rules. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). A procedurally defaulted claim cannot be reviewed in federal court unless the petitioner demonstrates cause for the procedural default and prejudice. Teague v. Lane, 489 U.S. 288, 298 (1989).
 
 
 4
 Gilliland contends the district court erred in concluding that he had procedurally defaulted on his claims that he was denied access to the courts and on several claims that counsel rendered ineffective assistance. He contends he raised the issue of denial of access to the courts in a supplemental brief to the Arizona Superior Court. He also contends he presented the allegedly defaulted claims of ineffective assistance of counsel in his post-conviction relief petition to the Arizona Superior Court. Gilliland, however, failed to raise these claims in his petition for review to the Arizona Supreme Court, and thus failed to fairly present these claims to the state's highest court. See Picard, 404 U.S. at 276; Hughes, 800 F.2d at 906. He alleges that counsel's failure to raise these claims constitutes "cause." Gilliland has no available state remedies. See Ariz.R.Crim.P. 32.2 (Issues not raised on direct appeal or in first petition for post-conviction relief are waived unless based on newly discovered facts or change in law.). Accordingly, Gilliland has procedurally defaulted on these claims. See Castille, 489 U.S. at 351-52; Tacho, 862 F.2d at 1378. Counsel's failure to recognize a claim, or raise it despite recognizing it, does not constitute cause for procedural default. See Murray v. Carrier, 477 U.S. 478, 486-87 (1986).
 
 Right to a Speedy Trial
 
 5
 Gilliland claims an almost sixteen month delay before trial, of which approximately five months is attributable to the government, violated his right to a speedy trial. The Sixth Amendment provides the right to a speedy trial, which the Fourteenth Amendment makes applicable to the states. Barker v. Wingo, 407 U.S. 514, 515 (1972) (Barker ). We must first determine whether the length of the delay is presumptively prejudicial, a consideration dependent on the circumstances of the case. Id. at 530-531. We have held that a six-month delay constitutes a borderline-case, warranting further analysis, see United States v. Valentine, 783 F.2d 1413, 1417 (9th Cir.1986), and also have held a four-month delay insufficient to support a Sixth Amendment violation. United States v. Turner, 926 F.2d 883, 889 (9th Cir.) ( Turner ), cert. denied, 112 S.Ct. 103 (1991). A presumptively prejudicial delay requires us to further analyze four factors in determining whether the defendant has been deprived of the right to a speedy trial: 1) the length of the delay, 2) the reason for the delay, 3) whether the defendant asserted his right to a speedy trial, and 4) whether the defendant suffered prejudice because of the delay. Barker, 407 U.S. at 530.
 
 
 6
 While we assume without deciding that the delay in this case justifies analysis of the Barker factors, see Valentine, 783 F.2d at 1417; see Turner, 926 F.2d at 889, we conclude Gilliland's right to a speedy trial was not violated. Only five months of the delay is attributable to the government. Furthermore, Gilliland has presented no evidence that the delay in this case resulted from bad-faith or negligence. Delay in this case apparently resulted from a congested court-docket. Gilliland failed to assert his right to a speedy trial and also has failed to demonstrate prejudice. We conclude no basis exists for determining Gilliland's right to a speedy trial was violated under the circumstances of this case. See Barker, 407 U.S. at 530.
 
 Ineffective Assistance of Counsel
 
 7
 Gilliland contends counsel rendered ineffective assistance by failing to raise his Sixth Amendment speedy trial claim and failing to perform the research requested by Gilliland.
 
 
 8
 A claim of ineffective assistance of counsel requires a petitioner to show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's errors, a reasonable probability exists that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). On habeas review, a strong presumption exists that counsel exercised reasonable professional judgment. Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.), cert. denied, 474 U.S. 979 (1985).
 
 
 9
 We conclude Gilliland has failed to show that counsel's performance fell below an objective standard of reasonableness. Gilliland has not shown that failure to raise the speedy trial issue was not a reasonable exercise of professional judgment or that trial counsel's refusal to "shepardize" a case at his request falls below the objective standard of reasonableness. See Strickland, 466 U.S. at 687. Furthermore, he has failed to show that these alleged errors affected the outcome of his trial. See id. at 694.
 
 Prosecutorial Misconduct
 
 10
 Gilliland contends the prosecutor improperly commented on his failure to testify, depriving him of a fair trial. A prosecutor's comment on a defendant's silence violates the Fifth Amendment right against compulsory self-incrimination. Jenkins v. Anderson, 447 U.S. 231, 235 (1980). A prosecutor may comment upon a defendant's failure to present exculpatory evidence, so long as it is not phrased to call attention to the defendant's failure to testify. United States v. Lopez-Alvarez, 970 F.2d 583, 595-96 (9th Cir.), cert. denied, 113 S.Ct. 504 (1992). A prosecutor's argument constitutes an impermissible comment on the defendant's decision not to testify if the language used was "manifestly intended or was of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." United States v. Soulard, 730 F.2d 1292, 1306 (9th Cir.1984).
 
 
 11
 Here, the prosecutor stated to the jury: "these children are the only ones who gave you any account." We conclude that this did not improperly refer to Gilliland's failure to testify. The prosecutor permissibly referred to Gilliland's failure to counter or explain this inculpatory testimony. See Lopez-Alvarez, 970 F.2d at 596.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3