586 F.2d 53
 Jill Mary KOHR, Executrix of the Estate of Robert H. Kohr,
Deceased, Plaintiff,
v.
ALLEGHENY AIRLINES, INC., Defendant and Third-Party
Plaintiff-Appellant.
UNITED STATES of America, Defendant and Third-Party Plaintiff-Appellee,
v.
FORTH CORPORATION and John R. Barney, Jr.,*
etc., Third-Party Defendants-Appellees.
Jill Mary KOHR, Executrix of the Estate of Robert H. Kohr,
Deceased, Plaintiff,
v.
ALLEGHENY AIRLINES, INC., Defendant and Third-Party Plaintiff-Appellee,
UNITED STATES of America, Defendant and Third-Party
Plaintiff-Appellant,
v.
FORTH CORPORATION and John R. Barney, Jr.,* etc.,
Third-Party Defendants-Appellees.
ALLEGHENY AIRLINES, INC., Plaintiff-Appellant,
and
GECC Leasing Corp., Plaintiff,
v.
UNITED STATES of America, Forth Corporation and John R.
Barney, Jr.,* etc., Defendants-Appellees.
ALLEGHENY AIRLINES, INC., Plaintiff-Appellee,
GECC Leasing Corp., Plaintiff,
v.
UNITED STATES of America, Defendant-Appellant,
Forth Corporation and John R. Barney, Jr.,* etc.,
Defendants-Appellees.
 Nos. 76-2289 to 76-2292.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 11, 1978.
Decided Nov. 1, 1978.
 
 1
 Walter E. Rutherford, New York City, for plaintiff-appellant.
 
 
 2
 Michael H. Stein, Dept. of Justice, Washington, D. C., James E. Rocap, Jr., Indianapolis, Ind., for defendants-appellees.
 
 
 3
 Before FAIRCHILD, Chief Judge, BAUER, Circuit Judge, and EAST, Senior District Judge.**
 
 EAST, Senior District Judge:
 THE APPEALS:
 
 4
 This is the second appeal to this Court in the above two cases. See Kohr v. Allegheny Airlines, Inc., 504 F.2d 400 (7th Cir. 1974), Cert. denied, 421 U.S. 978, 95 S.Ct. 1979, 44 L.Ed.2d 470 (1975) (Kohr I ); and Allegheny Airlines, Inc. and GECC Leasing Corp. v. United States, et al., 504 F.2d 104 (7th Cir. 1974), Cert. denied, 421 U.S. 978, 95 S.Ct. 1979, 44 L.Ed.2d 470 (1975) (Allegheny I ).[1]
 
 
 5
 In appeal No. 76-2289, Allegheny appeals the District Court's judgment of contribution or indemnity in favor of both Allegheny and the Government entered on August 17, 1976 following retrial. We reverse and remand.
 
 
 6
 In appeal No. 76-2291, Allegheny appeals the District Court's judgment of dismissal of its DC-9 damage action against the Government, and the other defendants entered on August 17, 1976 following retrial. We affirm.
 
 FACTS AND PROCEEDINGS IN THE DISTRICT COURT:
 
 7
 These causes arise out of a mid-air collision on September 9, 1969 over Fairland, Indiana between Allegheny's DC-9 and a private plane flown by Robert W. Carey. Carey was a student pilot under the direction and instruction of Forth which owned the plane. Allegheny was lessee-bailee of GECC's engine. Both aircraft were totally destroyed and all persons aboard the two planes, including Robert H. Kohr who was a passenger on the DC-9, were killed. The Kohr Estate, among others, filed wrongful death actions against Allegheny (alleging the Allegheny crew failed to keep a proper lookout for Carey's plane), the Government (alleging federal flight controllers had failed to see Carey's plane on the radar systems), and the Carey Estate (alleging improper lookout). As stated above, the Government and Allegheny settled all of the actions short of the first trial for a total settlement amount of $15,644,500.[2] The Government, pursuant to agreement with Allegheny, paid approximately 34 per cent of the total settlements ($5,311,832.33), and Allegheny, pursuant to the agreement, paid approximately 66 per cent thereof ($10,332,667.67). Forth and the Carey Estate were each notified, but did not participate in the settlement agreements.
 
 
 8
 Through the vehicle of the Kohr Estate action, the Government and Allegheny each seek third party contribution or indemnity from Forth and the Carey Estate for their respective share of liability for the air crash and settlement of damages, each alleging improper instruction and strict liability of an aircraft owner on the part of Forth and an improper lookout on the part of the deceased Carey.
 
 
 9
 The District Court had dismissed the Government's and Allegheny's contribution causes in Kohr I on the ground that Indiana law did not provide for contribution between joint tort-feasors and also dismissed the Allegheny I action on the ground that recovery was barred under Indiana contributory negligence law.
 
 
 10
 This Court reversed the Kohr I dismissal of the third party contribution or indemnity causes on the ground that contribution or indemnity among joint tort-feasors causing mid-air plane collisions was allowable and to be fixed upon a determination upon the basis of comparative negligence on the part of the joint tort-feasors as a matter of federal common law, and remanded for retrial. This Court held that state law was displaced due to the overriding federal concern with respect to aircraft collisions. Since federal common law was held applicable, the Court ruled that it did not have to reach the question of whether to apply Indiana law, as opposed to the law of another state, based on a proper application of conflicts of law principles.
 
 
 11
 In Allegheny I, the District Court found Allegheny to have been contributorily negligent in the causation of the collision and dismissed Allegheny's property damage action pursuant to Indiana state law contributory negligence debarment. This Court reversed the District Court's finding of contributory negligence on the part of Allegheny as clearly erroneous and remanded for retrial.
 
 
 12
 Both cases were then consolidated in the District Court for retrial. The jury determined the degrees of negligence on the part of the various parties joining in the causation of the air crash to be: Allegheny 22%, Government 36%, Carey Estate 21%, and Forth 21%. (Forth stipulated that it would be liable for the acts of Carey, and its ultimate liability was placed at 42 per cent). The District Court adopted the jury's comparative negligence determination and entered judgment against Forth in contribution or indemnity for its proportional 42 per cent share of liability in the amount of $6,570,690. The only substantial asset of Forth is the proceeds of an insurance policy in the amount of One Million Dollars. The District Court ordered those proceeds to be paid into the Registry of the District Court for distribution of 66 per cent thereof to Allegheny and 34 per cent to the Government.[3] Those percentages are representative of the percentages of the settlement amount actually paid by Allegheny and the Government, respectively, rather than in the percentages of fault, I. e., Allegheny 22 per cent and the Government 36 per cent.
 
 
 13
 Since the jury had determined that Allegheny had contributed 22 per cent of the negligence joining in the causation of the collision, the District Court again dismissed Allegheny's property damage action pursuant to the Indiana state law debarment. GECC was found to be without negligence, and the District Court again entered judgment in its favor for $250,000 for the loss of its engine against the joint tort-feasors.[4]
 
 
 14
 By order of this Court, appeal causes Nos. 76-2289 and 76-2291 were consolidated for procedural purposes in this Court. The issue under cross-appeals of the Government, Nos. 76-2290 and 76-2292, were determined by the parties' designation of record to be included within the issues under Nos. 76-2289 and 76-2291.
 
 ISSUES PRESENTED:
 
 15
 A. The Kohr contribution or indemnity case, No. 76-2289:
 
 
 16
 Whether the District Court erred in determining that the Government was entitled to any contribution from Forth when the Government's proportional negligence was greater than the proportion of the settlement it paid.
 
 
 17
 B. The Allegheny property damage case, No. 76-2291:
 
 
 18
 Whether the District Court erred in applying Indiana's contributory negligence law, which barred any recovery by Allegheny, rather than applying the so-called Allegheny I federal common law comparative negligence rationale.
 
 DISCUSSION:
 A. Issue A:
 
 19
 1. Entitlement of the Government to any contribution or indemnity:
 
 
 20
 Allegheny claims that because the Government paid only 34 per cent of the passenger claims under the settlement agreement and because the jury later found it to be 36 per cent negligent, it was not entitled to share in any contribution from Forth. This view is supported by the general rule governing contribution or indemnity.
 
 
 21
 In Huggins v. Graves, 337 F.2d 486, 489 (6th Cir. 1964), the Court of Appeals reviewed the general rule and stated:
 
 
 22
 "(T)he principle of contribution is founded not upon contract but upon principles of equity and natural justice, which require that those who are under a common obligation or burden shall bear it in equal proportions and one party shall not be subject to bear more than his just share to the advantage of his co-obligor. The basic elements are that both parties be under a common obligation and that the party seeking contribution has paid more than his proper share of the obligation."
 
 
 23
 See also Johnson v. Serra, 521 F.2d 1289 (8th Cir. 1975); Jones v. Schramm, 141 U.S.App.D.C. 169, 436 F.2d 899 (1970); Prosser, Law of Torts, § 50 (4th ed. 1971). Indeed, in mandating that a comparative negligence standard for contribution and indemnity be used, this Court in Kohr I stated:
 
 
 24
 "Under such an approach the trier of fact will determine on a percentage basis the degree of negligent involvement of each party in the collision. The loss will then be distributed in proportion to the allocable concurring fault. In allocating the loss where as here that amount involves a settlement and not a judgment, the trier of fact must also establish what amount would be a reasonable settlement under the circumstances. On reaching such an amount Each party contributes according to his degree of fault." 504 F.2d at 405. (Emphasis added).
 
 
 25
 The Government does not dispute the general rule, but contends that Allegheny's argument is without merit because:
 
 
 26
 "Allegheny's mistake is in attempting to base its assessment of the amounts to be claimed in contribution not on the settlement but on the percentages found by the jury. Had the settlement been provisional, such an approach might be reasonable. But Allegheny and the United States entered into a binding agreement on the percentage each would contribute to the settlement."
 
 
 27
 The District Court agreed with the Government's argument and held that since both Allegheny and the Government sued for contribution, and since Forth was held to be 42 per cent at fault, each of such claimants was entitled to recover from Forth 42 per cent of the amount each claimant contributed to the settlements. We disagree.
 
 
 28
 Contrary to the Government's assertions, Allegheny is not "attempt(ing) to rewrite the settlement agreement with the United States." To the contrary, the settlement agreement made absolutely no mention of any rights to contribution that Allegheny and the Government might have against third parties. It only precludes contribution rights between Allegheny and the Government. The question, therefore, becomes whether the Government has an equitable right to contribution from Forth. As the agreement is silent, the general rule should be applied to resolve the question. Accordingly, the District Court did err in granting the Government a share of the contribution fund, and we hold that the Government, having paid less in settlement than its allocable share or responsibility, is not entitled to share in Forth's contribution.[5]
 
 B. Issue B:
 
 29
 1. Applicability of State Law to the Allegheny Federal Tort Claim Act property damage action against the Government:
 
 
 30
 In resolving Allegheny's claims against the Government and Forth for the destruction of its DC-9, the District Court applied the doctrine of contributory negligence under Indiana law and barred recovery due to Allegheny's 22 per cent ratio of fault for the collision. Allegheny disputes this conclusion on two grounds: first, relying on the Kohr I contribution decision, it argues that federal common law of comparative negligence should apply due to the dominant federal interest in aviation; second, it argues that even if Indiana law is to be applied, under Indiana conflicts principles, federal law should be applied because of the dominant federal interest.
 
 
 31
 Allegheny's claim against the Government is governed by the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (Act). The Act places the Government liable for injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant In accordance with the law of the place where the act or omission occurred." (Emphasis added).
 
 
 32
 This Court was recently presented with similar circumstances involving the application of the Act in Bowen v. United States, 570 F.2d 1311 (7th Cir. 1978). Bowen, the pilot of a private plane, brought an action under the Act alleging negligence on the part of Federal Air Traffic Controller personnel in failing to warn him of icing conditions which caused his plane to crash upon landing in Indiana. The District Court granted summary judgment for the Government on the rationale that under Indiana law Bowen's contributory negligence in the causation of the crash was an absolute defense to his action under the Act. This Court affirmed the summary judgment holding Inter alia, that the law referred to in the Act, I. e., "the law of the place where the act or omission occurred," was the law of the state and not the federal common law, citing Richards v. United States, 369 U.S. 1, 8-10, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (1962). The Supreme Court in Richards "rejected the argument that the applicable law is that of the state where the operative effect of the act or omission occurred, and applied the statutory language literally. Richards also held that the whole law, including choice-of-law rules, of the state where the act or omission occurred was to be applied. Id. at 10-15, 82 S.Ct. 585." Bowen, 570 F.2d at 1315-16. (Footnote omitted).
 
 
 33
 As argued here, Bowen argued that notwithstanding Richards, "the federal government's massive regulation of the nation's airways has pre-empted the field of aviation law, and that therefore federal common law, which should include the doctrine of comparative negligence, should be applied." 570 F.2d at 1316. Bowen pointed out with reference to Kohr I:
 
 
 34
 "Although Kohr held that a federal rule of contribution and indemnity among joint tort-feasors should control in aviation collision cases, and that rule applied to claims of the United States for contribution and indemnity, the court did not have before it the question of whether the law referred to in the Federal Tort Claims Act, Viz., 'the law of the place where the act or omission occurred,' is federal law or state law. The Richards case, which antedated Kohr and involved facts very similar to those in the case at bar, expressly holds that the law to which the statutory phrase refers is state law." 570 F.2d at 1316. (Footnote omitted).
 
 
 35
 Allegheny further argues that even if state law was applicable to its action, the District Court erred in applying the law of Indiana. It argues that applying Indiana conflict of laws principles would result in an application of federal common law. It reaches this conclusion relying again on the decision in Kohr I where this Court stated that in cases involving air disasters, the state's interest is "slight" while that of the federal government is "dominant."
 
 
 36
 We do not accept Allegheny's reading of Kohr I and its contentions thereunder. The Bowen decision further points out that the same contention was made in Miree v. DeKalb County, 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). In Miree, the survivors of deceased passengers brought diversity actions against DeKalb County, Georgia, arising out of an aircraft crash which allegedly resulted when the plane's engines ingested birds swarming from a dump near the airport. The plaintiffs alleged they were third party beneficiaries of a contract between the county (operator of the airport) and the federal government, which the county had breached by failing to restrict the use of land adjacent to the airport to activities compatible with airport use. The Supreme Court reversed the Fifth Circuit's en banc decision that "(t)he necessity of uniformity of decision demands that federal common law, rather than state law, control . . . ." 433 U.S. at 28, 97 S.Ct. at 2493. Although the Court carefully noted that no federal interests were at stake because the federal government was not a party to the suit, 433 U.S. at 28, 97 S.Ct. 2493, it also noted that a separate action against the United States under the Act arising out of the same crash would likely be determined by state law. 433 U.S. at 29 n. 4, 97 S.Ct. 2490. No mention was made of possibly applying federal common law as a matter of state conflict of laws principles.
 
 
 37
 The decision in Bowen adroitly analyzes Miree and definitively concludes: "In the face . . . of the Supreme Court's views (expressed in Miree and Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 273-4, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972)), we are not free to extend Kohr to an action under the Federal Tort Claims Act. The law referred to in the Act is, as Richards holds, state law." 570 F.2d at 1317.
 
 
 38
 On the basis of the rationale of Bowen, we conclude that the District Court did not err in the determination that under Indiana state law Allegheny's contributory negligence in causation debars recovery from the Government for the loss of its DC-9.
 
 
 39
 The judgment entered by the District Court on August 17, 1976 in its cause numbered IP 69-C-431 and No. 76-2289 here is reversed, and Allegheny's third party claim for contribution or indemnity is remanded to the District Court with instructions to enter judgment for recovery by Allegheny from Forth in the amount of $6,570,690, and to order the whole of the insurance policy proceeds deposited in the Registry of the District Court paid to Allegheny to the exclusion of the Government, in partial satisfaction of its judgment against Forth.
 
 
 40
 The judgment entered by the District Court on August 17, 1976 in its cause numbered IP 70-C-609 and No. 76-2291 here is affirmed.
 
 
 41
 REVERSED AND REMANDED IN PART, AND AFFIRMED IN PART.
 
 
 
 *
 On April 24, 1978, John R. Barney, Jr. was substituted for Lee M. LeMay as administrator
 
 
 **
 Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 In Kohr I, the Kohr Estate sought to recover damages, flowing from the mid-air collision wrongful death of the decedent, against Allegheny Airlines, Inc. (Allegheny) and the United States of America (Government). The action against Allegheny is based upon common law negligence, and the action against the Government is pursuable under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Before trial, Allegheny and the Government settled the Kohr Estate claim and thereupon each sought third party contribution or indemnity from the Forth Corporation (Forth) and Lee M. LeMay, preceding administrator of the Estate of Robert W. Carey, deceased (Carey Estate). The District Court dismissed each of the respective third party claims for indemnity or contribution. The Government and Allegheny each appealed to this Court which reversed each of the dismissals and remanded the third party causes for retrial
 In Allegheny I, Allegheny sought to recover damages for the destruction of its DC-9 aircraft in the collision, and GECC sought to recover damages for its engine on the DC-9 aircraft. The District Court entered judgment in favor of GECC for $250,000 against all the defendants and dismissed Allegheny's claim. Allegheny appealed and this Court reversed and remanded for retrial.
 
 
 [2]
 All parties stipulated that the individual deceased passenger settlements were fair and reasonable
 
 
 [3]
 We do not reach Allegheny's argument that the District Court inappropriately ordered the insurance policy proceeds deposited with the District Court. The order is a Fait accompli without illegal incidence
 
 
 [4]
 There is no contribution or indemnity claim involved in this allowance
 
 
 [5]
 As we have held that the Government is not entitled to any contribution from Forth, we do not reach the issue of the Government's right to priority in the collection of its share of the contribution by Forth