**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Clifford Leo PASCHALL, Jr.,**
**Defendant–Appellant.**

**No. 91–30306.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 5, 1993.

Decided March 11, 1993.

---

Frances Baker Jack, Asst. Federal Public Defender, Portland, OR, for defendant-appellant.

Jennifer J. Martin, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before: D.W. NELSON, TROTT, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

Clifford L. Paschall, Jr. appeals his conviction, following a bench trial, and his sentence under the Sentencing Guidelines for attempted possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1988) and carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Paschall was arrested during an aborted purchase of cocaine from a confidential informant and an undercover officer.

Two issues are raised in this appeal: (1) whether the district court erred in denying Paschall's motion to dismiss because the Government failed to obtain an indictment within the time limit prescribed by the Speedy Trial Act (18 U.S.C. § 3161); and, (2) whether the district court erred during sentencing by failing to depart downward on the basis of outrageous governmental conduct. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We AFFIRM.

I

SPEEDY TRIAL ACT

A. *Relevant Facts*

On November 26, 1990, a complaint was filed against Paschall in federal court. The case was scheduled to go before a grand jury on December 19, 1990, but, due to a major snow storm in the Portland area, the federal courthouse was closed that day.

On December 27, 1990, the Government filed a Motion for Excludable Delay for the period from December 19, 1990, through December 27, 1990, pursuant to the "interest of justice" exclusion to the Speedy Trial Act (18 U.S.C. § 3161(h)(8)(A)). The motion

stated the following reason for excludable delay: "The Grand Jury during that time period was not able to form a quorum due to extreme adverse weather conditions...." Chief District Judge James A. Redden granted the Government's motion by adding to the motion, "IT IS SO ORDERED," which he signed and dated. Later that day, the grand jury returned a two count indictment against Paschall. The thirty-day deadline for filing an indictment had expired December 26, 1990, the day before.

On January 14, 1991, Paschall filed a Motion to Dismiss on the ground that the indictment was not brought within the thirty days required by the Speedy Trial Act (18 U.S.C. § 3161). Judge Helen J. Frye, denying the motion in an Opinion dated March 7, 1991, found, "in accordance with the order entered by Chief Judge Redden, that the period of December 19, 1990 through December 27, 1990 was a period of excludable delay."

B. *Standard of Review*

 A district court's interpretation of the Speedy Trial Act is reviewed *de novo*. *United States v. Sears, Roebuck & Co., Inc.*, 877 F.2d 734, 737 (9th Cir.1989). A

district court's factual finding underlying an "ends of justice" exception will be reversed only if there is clear error. *United States v. Murray*, 771 F.2d 1324, 1327 (9th Cir.1985).

C. *Discussion*

"Under § 3161(b) [1] of the [Speedy Trial] Act, a defendant must be indicted within 30 days of his arrest, unless the time is extended for one of the eight reasons specified by section 3161(h)." *United States v. Pollock*, 726 F.2d 1456, 1459 (9th Cir.1984) (footnote omitted). "Section 3161(h)(1)–(8) specifies eight situations when delay may be excluded in computing the time within which an indictment must issue." *Id.* [2] In granting excludable delay, Chief Judge Redden relied on subsection (h)(8), which permits continuances "when the 'ends of justice' outweigh the best interests of the defendant and public in a speedy trial." *Id.* at 1460.[3] "Congress included the 'ends of justice' exclusion of time in recognition that courts need some discretion to deal with otherwise unavoidable delays in the indictment and trial process." *Id.* at 1461.

 This court requires that a continuance granted under the "ends of justice" exception include a specific period of time

1. 18 U.S.C. § 3161(b) (1988) provides, in pertinent part:
 Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

2. Subsections (1) through (7) "contain[ ] narrow, automatic exclusions from the time limits for necessary pre-trial proceedings, treatment of a defendant, trials on other charges, interlocutory appeals, and unavailability of defendants or essential witnesses, among other reasons." *Id.* at 1460 n. 7 (citing 18 U.S.C. § 3161(h)(1)–(7) (1976 & Supp. III 1979)). None of these grounds apply to the Order granted in the present case.

3. Section 3161(h)(8)(A) and (B)(i) provide, in pertinent part:
 (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed ...:
 (8)(A) Any period of delay resulting from a continuance granted by any judge on his own

 motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such *continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.* No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
 (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
 (i) *Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice....*
 (Emphasis added).

and be based upon specific factual circumstances justified in the record with reference to the factors enumerated in § 3161(h)(8)(B). *United States v. Jordan*, 915 F.2d 563, 565 (9th Cir.1990). The factor relevant to the present case is subdivision (i) of § 3161(h)(8)(B), which asks: "Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." [4]

■ In the present case, the order signed by Chief Judge Redden and adopted by Judge Frye, complied with the requirements articulated in *Jordan*. The continuance was ordered for a specific period of time: from December 19, 1990, through December 27, 1990. The continuance was based on specific factual references: the inability to form a Grand Jury quorum due to extreme adverse weather conditions. Finally, the continuance was justified with reference to the factors enumerated in § 3161(h)(8)(B)(i): (1) the interest of justice outweighs the public's and defendant's interest in a speedy trial; and (2) the inclement weather made the proceedings impossible. *See Jordan*, 915 F.2d at 565 (citing *Pollock*, 726 F.2d at 1456).

Paschall argues that the district court failed to satisfy the "specific findings" requirement because Chief Judge Redden, whose Order the district court adopted without additional findings, failed to draft the Order himself. We find that Chief Judge Redden properly adopted the factual allegations set forth in the Government's motion by affixing his signature. Judge Frye properly adopted the factual provisions set forth in the Government's motion by finding excusable delay "in accordance with the order entered by Chief Judge Redden ..." [5]

## II

### SENTENCING

Paschall argues that the district court erred in failing to depart downward on the basis of outrageous governmental conduct. Specifically, he contends that the Government had entrapped him into purchasing a greater amount of cocaine than he had planned.

■ A district court's discretionary decision not to depart downward from the applicable guidelines is not reviewable on appeal. *United States v. Morales*, 898 F.2d 99, 102 (9th Cir.1990). The district court exercised its discretion not to depart downward when it stated, "The court finds no reason for departure." Thus, this court lacks jurisdiction to consider the merits of Paschall's outrageous governmental conduct argument.

AFFIRMED.

---

4. The other factors generally involve problems arising out of the complexity of the case. *See* 18 U.S.C. § 3161(h)(8)(B)(ii)–(iv).

5. Paschall's contention that the Government could have formed a quorum during the seven days is a question of fact which is unsupported by evidence in the record before us.