35 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fritz TENIJIETH, Jr., Defendant-Appellant.
 No. 93-10426.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1994.
Decided Sept. 13, 1994.
 
 Before: FLETCHER, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Fritz Tenijieth, Jr. appeals his jury conviction for attempted aggravated sexual abuse, in violation of 18 U.S.C. Secs. 1153, 2241(a)(1), and 2245(2)(A), and kidnapping, in violation of 18 U.S.C. Secs. 1153 and 1201. We affirm.
 
 I.
 
 3
 Tenijieth first contends he was denied various statutory and constitutional rights to a speedy trial.
 
 A.
 
 4
 Tenijieth argues that the district court erred by not dismissing his indictment pursuant to the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C.App. Sec. 2. We review de novo. E.g., United States v. Hall, 974 F.2d 1201, 1204 (9th Cir.1992).
 
 
 5
 The IADA provides a procedure by which a prisoner can demand a speedy disposition of the charges giving rise to a detainer. 18 U.S.C.App. Sec. 2, Art. III. Tenijieth asserts that the government violated the IADA by waiting two years after filing a complaint to arrest and indict him. The provisions of the IADA, however, are not triggered until a detainer is filed. See United States v. Mauro, 436 U.S. 340, 361 (1978) ("Because ... the Government never filed a detainer ..., [the IADA] never became applicable and the United States was never bound by its provisions."); United States v. Gonzalez-Mendoza, 985 F.2d 1014, 1016 (9th Cir.1993); United States v. Kurt, 945 F.2d 248, 251 (9th Cir.1991); Brown v. Wolff, 706 F.2d 902, 906 (9th Cir.1983).
 
 
 6
 Tenijieth's reliance on our decision in Hall is misplaced. In that case, we merely held that the filing of a detainer on the basis of a complaint was sufficient to implicate the IADA. Hall, 974 F.2d at 1205. We did not state or imply that filing a complaint absent a detainer would trigger the IADA's time limitations.
 
 
 7
 Tenijieth concedes that no detainer was filed against him. We conclude, therefore, that the IADA was never triggered and the district court did not err in refusing to dismiss Tenijieth's indictment under the statute.
 
 B.
 
 8
 Tenijieth next argues that the government violated his rights under section 3161(j)(1) of the Speedy Trial Act by failing to file a detainer during the sixteen months he was in prison after the complaint had been filed. We review de novo. E.g., United States v. Paschall, 988 F.2d 972, 974 (9th Cir.), cert. denied, 114 S.Ct. 329 (1993).
 
 
 9
 The protections of section 3161(j)(1) extend to "a person charged with an offense." Tenijieth suggests here, as he did with respect to his IADA argument, that the filing of a complaint triggers operation of the statute. We disagree. "[A] person charged with an offense" is one against whom an information or indictment has been filed, not one against whom only a complaint has been filed. See United States v. Bloom, 865 F.2d 485, 491 (2d Cir.) ("the mere filing of a complaint [is] insufficient to trigger the Speedy Trial Act's timing provisions"), cert. denied, 490 U.S. 1027 (1989); United States v. Johnson, 815 F.2d 309, 312 (5th Cir.1987) ("The complaint is merely a document on which action may or may not be taken. An accused may never even receive notice that a complaint has been filed."), cert. denied, 484 U.S. 1068 (1988). Although a complaint was filed on March 8, 1991, Tenijieth was not indicted until December 1, 1992, after his release from prison in July 1992. Thus, because Tenijieth was not "charged with an offense" while in prison, section 3161(j)(1) is inapplicable.
 
 
 10
 In any event, "the dismissal of the indictment is not a remedy for a violation of [section 3161(j)(1) ]." United States v. Valentine, 783 F.2d 1413, 1415 (9th Cir.1986). The district court did not err by refusing to dismiss Tenijieth's indictment under section 3161(j)(1).
 
 C.
 
 11
 Tenijieth also argues that the district court erred by failing to apply section 3161(b) of the Speedy Trial Act to dismiss the charges against him on the ground that more than thirty days passed from the date of his arrest on October 31, 1992, to the date of his indictment on December 1, 1992. Section 3161(b) provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. Sec. 3161(b). Section 3161(h), however, provides that "[a]ny period of delay resulting from other proceedings concerning the defendant" tolls the thirty-day period of section 3161(b). Id. Sec. 3161(h)(1).
 
 
 12
 The government contends that Tenijieth's initial appearance and his preliminary hearing are excludable time under section 3161(h)(1). We agree. The initial appearance and preliminary hearing are typical "proceedings concerning the defendant." See, e.g., United States v. Hoslett, 998 F.2d 648, 655 (9th Cir.1993) (time for pretrial motion preparation excludable); United States v. Haiges, 688 F.2d 1273, 1275 (9th Cir.1982) (time for appearances for arraignment excludable); United States v. Lopez-Espindola, 632 F.2d 107, 110 (9th Cir.1980) (time for probation revocation proceedings excludable). In fact, the Fourth Circuit recently reached exactly this conclusion. See United States v. Wright, 990 F.2d 147, 148-49 (4th Cir.) (time for initial appearances and preliminary hearings excludable), cert. denied, 114 S.Ct. 199 (1993).
 
 
 13
 We therefore count the initial appearance and preliminary hearing as excludable time. As a result, Tenijieth's indictment was within the time limit of section 3161(b).
 
 D.
 
 14
 Tenijieth also argues that he was denied his constitutional right to a speedy trial. We conduct de novo review. E.g., United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1050 (9th Cir.1990). The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial." This Sixth Amendment right, however, does not arise before an arrest or formal indictment or information. See United States v. Loud Hawk, 474 U.S. 302, 310 (1986); United States v. MacDonald, 456 U.S. 1, 6-7 (1982); United States v. Marion, 404 U.S. 307, 320 (1971) ("[I]t is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment.").
 
 
 15
 Therefore, although a complaint was filed on March 8, 1991, Tenijieth did not become "accused" for purposes of the Sixth Amendment until October 31, 1992, the date of his arrest on the complaint.[1] Tenijieth was brought to trial on March 2, 1993. Thus, the relevant period of delay was approximately four months, an amount of time that is not presumptively prejudicial. E.g., United States v. Turner, 926 F.2d 883, 889 (9th Cir.) (four-month delay not presumptively prejudicial), cert. denied, 112 S.Ct. 103 (1991); United States v. Lewis, 759 F.2d 1316, 1350 n. 16 (9th Cir.) (seven-month delay not presumptively prejudicial), cert. denied, 474 U.S. 994 (1985); United States v. Arkus, 675 F.2d 245, 248 (9th Cir.1982) (six-month delay not presumptively prejudicial); United States v. Nance, 666 F.2d 353, 360 (9th Cir.) (five-month delay not presumptively prejudicial), cert. denied, 456 U.S. 918 (1982).
 
 
 16
 Tenijieth's Sixth Amendment challenge is therefore without merit. E.g., United States v. Beamon, 992 F.2d 1009, 1012 (9th Cir.1992) (to trigger a speedy trial inquiry, the accused must first "show that the period between [accusation] and trial passes a threshold point of presumptively prejudicial delay") (quotation omitted).
 
 II.
 
 17
 Tenijieth contends he was improperly charged with two sexual assaults (rape and sodomy) under 18 U.S.C. Sec. 2241 arising out of the same incident. We review de novo. E.g., United States v. Douglass, 780 F.2d 1472, 1477 (9th Cir.1986).
 
 
 18
 Under the rule of multiplicity, an indictment may not charge a single offense in multiple counts. United States v. UCO Oil Co., 546 F.2d 833, 835 (9th Cir.1976), cert. denied, 430 U.S. 966 (1977). "[I]f Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses." Bell v. United States, 349 U.S. 81, 84 (1955). "Lenity [however] serves only as an aid for resolving an ambiguity; it is not to be used to beget one. The rule comes into operation at the end of the process of construing what Congress has expressed, not at the beginning of an overriding consideration of being lenient to wrongdoers." Albernaz v. United States, 450 U.S. 333, 342 (1981) (quotation omitted).
 
 
 19
 Tenijieth argues that, because section 2241(a) does not clearly state whether rape and sodomy are one or two crimes, doubt should be resolved in his favor. We disagree. The statute makes it a crime, "[b]y force or threat[,] ... [to] cause[ ] another person to engage in a sexual act." 18 U.S.C. Sec. 2241(a) (emphasis added). A "sexual act" is defined as "contact between the penis and the vulva or the penis and the anus." Id. Sec. 2245(2)(A) (emphasis added). The word "or" has a purpose. It distinguishes rape and sodomy as distinct "sexual acts," each of which violates section 2241(a) and each of which, therefore, may logically be charged in different counts even if they arise out of the same incident. See United States v. Karlic, 997 F.2d 564, 570 (9th Cir.1993) ("Congress is free to prescribe multiple punishments for the same conduct.").
 
 
 20
 The indictment did not violate the rule of multiplicity.
 
 III.
 
 21
 Finally, Tenijieth contends that proof of two prior felony convictions for rape and kidnapping should not have been introduced into evidence for purposes of impeachment. We review for abuse of discretion. United States v. Bagley, 772 F.2d 482, 487 (9th Cir.1985), cert. denied, 475 U.S. 1023 (1986).
 
 
 22
 For the purpose of attacking credibility, "evidence that an accused has been convicted" of a crime "punishable by death or imprisonment in excess of one year under the law under which" the accused was convicted "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed.R.Evid. 609(a). Furthermore, whether or not the prior conviction would be admissible if offered by the prosecution, a defendant who first introduces into evidence the fact of a prior conviction waives the right to object to such impeachment on appeal. See, e.g., United States v. Williams, 939 F.2d 721, 723 (9th Cir.1991) ("[T]here was no reversible error because it was defendant's counsel who ... first introduced the fact of the prior conviction into evidence."); United States v. Bryan, 534 F.2d 205, 206 (9th Cir.1976) ("[Defendant] is in no position to complain. It was his counsel who, perhaps for some strategic purpose, first introduced the fact of the prior conviction into evidence.").
 
 
 23
 In this case, Tenijieth, not the government, first introduced his prior convictions for rape and kidnapping into evidence. See AR 437, 452. It is irrelevant that the district court had previously denied Tenijieth's motion in limine to exclude the evidence; the waiver rule operates even where the trial court holds that the evidence is admissible if introduced by the prosecution. See Williams, 939 F.2d at 723-24.
 
 
 24
 Tenijieth therefore waived his right to object to the impeachment evidence on appeal.
 
 
 25
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Tenijieth contends that since he was arrested and imprisoned for violating his parole on the basis of the same incident that gave rise to the complaint, he effectively became "accused" in March 1991. Tenijieth cites no authority to support this proposition, and in similar situations we have reached the opposite result. See Valentine, 783 F.2d at 1417 ("Though arrested by State officers on April 1, 1983, for acts that would ultimately found a federal indictment against him, [defendant] was not accused by federal authorities until the return of his indictment on April 3, 1984. As [defendant's] trial began on September 24, 198, the delay between [defendant's] accusation and trial lasted approximately six months.") (emphasis in original)