89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence HOLUB, Defendant-Appellant.
 No. 95-50194.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996.*
Decided June 24, 1996.
 
 1
 Before: BRUNETTI and RYMER, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Lawrence Holub appeals his jury conviction and the sentence imposed under the Sentencing Guidelines for importing and possessing with intent to distribute cocaine in violation of 21 U.S.C. §§ 952(a) and 841(a)(1). We have jurisdiction over this timely appeal and affirm.
 
 FACTS
 
 4
 The parties are aware of the facts and we will not repeat them here except where they are relevant to our discussion of the issues.
 
 DISCUSSION
 
 5
 Holub raises two issues with respect to his conviction and one issue with respect to his sentence. We address each in turn.
 
 
 6
 1. The prosecutor's questions and argument regarding Holub's alleged post-arrest silence.
 
 
 7
 On the sixth day of the trial, defendant filed a motion for a mistrial "due to the Government's violation of his due process rights by eliciting testimony on his silence after being advised of his Miranda rights." (CR 57). The district court denied the motion and denied it again after the close of all the evidence.
 
 
 8
 Generally, we review the district court's denial of a motion for a mistrial for abuse of discretion. United States v. Valdez-Soto, 31 F.3d 1467, 1475 (9th Cir.1994), cert. denied, 115 S.Ct. 1969 (1995). "The standard of review for prosecutorial comment on a defendant's failure to testify or post-arrest silence is unclear." United States v. Hoac, 990 F.2d 1099, 1103 (9th Cir.1993) (citing cases). As in Hoac, supra, we need not decide what standard to use because under any standard--de novo, abuse of discretion, or plain error--the prosecutor's questions and argument in this case were proper. Id. at 1104.
 
 
 9
 In Anderson v. Charles, 447 U.S. 404, 408 (1980) the Supreme Court held that the Doyle[1] prohibition on the use of a defendant's post-arrest silence to impeach him does not apply when a defendant voluntarily speaks after being given Miranda warnings. When a defendant voluntarily speaks after being given Miranda warnings, a prosecutor can cross-examine on prior inconsistent statements. In the Ninth Circuit, the post-arrest statements need only "arguably be inconsistent with the trial story."[2] United States v. Ochoa-Sanchez, 676 F.2d 1283, 1286 (9th Cir.), cert. denied, 459 U.S. 911 (1982), quoting Grieco v. Hall, 641 F.2d 1029 (1st Cir.1981).
 
 
 10
 The defendant's "trial story" was manifestly inconsistent with what he told Agent Roberts. Roberts testified that Holub told him after being read his Miranda rights by Roberts that he got the four and one-half kilo's of cocaine from a person named Orlando who had invited him to Columbia. He testified that Holub indicated that he was to be paid one kilo for the delivery. Roberts indicated that Holub was calm and attempting to be helpful during the interview. The "trial story" offered by the defendant was that he transported the cocaine to LAX because Orlando threatened him, his daughter, and his daughter's mother if he didn't take the cocaine to the United States. Holub's statements meet the arguably inconsistent standard set forth in Ochoa-Sanchez. "These statements do more than neglect to suggest the defense of [duress]. They in fact offer a single explanation of his criminal activity...." United States v. Makhlouta, 790 F.2d 1400, 1404 (9th Cir.1986). The explanation was given to Agent Roberts. Holub brought the four and one-half kilos of cocaine into the United States so he could sell one kilo for himself. The prosecutor's questions of Holub merely inquired whether he had told Agent Roberts or any other official about the threats he was now claiming.
 
 
 11
 Furthermore, the questioning of Agent Roberts about what Holub told him after being given his Miranda warnings and about Holub's later phone calls to Roberts was proper. Once the government established that Holub's post-arrest statements were inconsistent with his trial story, he was free to inquire into all of the defendant's post arrest statements. Ochoa-Sanchez, 676 F.2d at 1286. Likewise, the government's closing argument was "not designed to draw meaning from silence," Charles, 447 U.S. at 409, but "[was] properly designed to explore the arguable inconsistency between [Holub's] post-arrest-statements and his defense of [duress]." Makhlouta, 790 F.2d at 1405.
 
 
 12
 2. Holub's pro se motion to dismiss for speedy trial violations.
 
 
 13
 Some six months after the trial, defendant filed a pro se motion to dismiss his indictment for violations of the Speedy Trial Act, 18 U.S.C. § 3161 et seq. After a hearing, the district court denied the motion. We review de novo the district court's denial of a motion to dismiss for violations of the Speedy Trial Act. United States v. Pena-Carrillo, 46 F.3d 879, 882 (9th Cir.), cert. denied, 115 S.Ct. 1990 (1995). "A district court's factual finding underlying an 'ends of justice' exception will be reversed only if there is clear error." United States v. Paschall, 988 F.2d 972, 974 (9th Cir.), cert. denied, 114 S.Ct. 329 (1993).
 
 
 14
 The district court excluded from February 8 to April 18 (69 days) under 18 U.S.C. § 3161(h)(8)(A) and (h)(8)(B)(i) based upon the parties stipulation to continue the trial date to allow the defendant to obtain a pre-plea presentence report. The time excluded in order to obtain a pre-plea presentence report in order for counsel to be able to advise his client on an informed basis, is proper under 18 U.S.C. § 3161(h)(8)(A). See United States v. Lewis, 980 F.2d 555, 561-62, (9th Cir.1992) (no Speedy Trial Act violation when district court excluded time spent in plea negotiations based upon motion by defendant). Furthermore, even if the preparation of a pre-plea presentence report does not fall within a proper "ends of justice" exclusion, Holub cannot now complain because he stipulated to continue the trial during the time necessary to prepare the pre-plea presentence report. "Where a defendant stipulates to the need for trial preparation, he 'cannot maintain that these continuances give rise to an STA violation.' " United States v. Palomba, 31 F.3d 1456, 1462 (9th Cir.1994) quoting United States v. Gallardo, 773 F.2d 1496, 1506 (9th Cir.1985).[3]
 
 
 15
 Holub also argues that the district court did not make the requisite factual findings in support of its order excluding time. We disagree. Based upon the stipulated motion, the court was aware that the defendant and his counsel were seeking additional time because they wanted to obtain a pre-plea presentence report. According to defendant's counsel this information was necessary in order for counsel to properly advise the defendant on how to proceed. The court's order stated:
 
 
 16
 4. Failure to grant the continuance as requested by the parties would have denied counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.
 
 
 17
 We see no clear error in the above finding.
 
 3. Career Offender
 
 18
 Holub argues that his 1974 armed robbery conviction should not have been used as a predicate offense for career offender purposes because but for the New Jersey parole board's aggregation of his sentence with a 1975 armed robbery conviction, he would have been released more than fifteen years before the instant offense. We disagree.
 
 
 19
 We review the district court's application of the Sentencing Guidelines de novo and review for clear error the district court's factual findings underlying the sentence. United States v. Heim, 15 F.3d 830, 832 (9th Cir.), cert. denied, 115 S.Ct. 55 (1994).
 
 
 20
 Under U.S.S.G. § 4B1.1 a defendant qualifies as a career offender if:
 
 
 21
 (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 
 
 22
 To determine whether or not a defendant meets the criteria set forth above, U.S.S.G. § 4A1.2 is used. U.S.S.G. § 4B1.2 comment n. 4. U.S.S.G. § 4A1.2(e)(1) provides in pertinent part to "count prior sentences of imprisonment exceeding one year and one month, whenever imposed, that resulted in defendant being incarcerated during any part of such fifteen-year period." Holub was sentenced September 20, 1974 to 5 to 7 years in the New Jersey State Prison. On June 12, 1975 Holub was sentenced to 10 to 12 years to run consecutively to the sentence imposed on September 20, 1974. Under New Jersey law, the sentences were aggregated to 15 to 19 years. Holub was paroled on November 13, 1979 from the aggregated sentence. His instant offense occurred December 15, 1993. Holub asks us to speculate on what would have occurred in the absence of New Jersey law. We decline. Because Holub was still incarcerated on his September 1974 conviction within fifteen years of commission of the instant offense, the district court properly included that conviction in determining that Holub was a career offender.
 
 
 23
 Holub next argues that the 1974 and 1975 convictions should be considered "related" under § 4A1.2(a)(3) and thus only counted as one conviction. The guidelines provide that prior sentences are related if "they resulted from offenses that ..., (2) were part of a common scheme or plan ..." U.S.S.G. § 4A1.2 comment. n. 3. In United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992), the court set out five factors relevant to the determination of whether prior convictions are part of a common scheme or plan. They are (1) whether committed within a short period of time; (2) involved the same victim; (3) whether or not the defendant was arrested by the same law enforcement agency; (4) the timing of the arrests and whether they resulted from one investigation, and; (5) the similarities of the offenses. Id. Holub argues that the two armed robberies occurring two days apart were part of an "armed robbery spree". We disagree. Under the facts of this case relied upon below, the district court found the cases unrelated. Here, factors two, three, and four weigh heavily against the defendant. There were separate victims, he was arrested by different agencies and sentenced in different jurisdictions, and he was arrested for the second conviction while incarcerated on the first conviction. Under these facts, we find that Holub's 1974 and 1975 armed robbery convictions were not related for purposes of U.S.S.G. § 4A1.2.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Doyle v. Ohio, 426 U.S. 610 (1976)
 
 
 [2]
 This standard is what distinguishes the two Tenth Circuit cases, United States v. Massey, 687 F.2d 1348 (10th Cir.1982) and United States v. Canterbury, 985 F.2d 483 (10th Cir.1993), relied upon by the defendant
 
 
 [3]
 Holub's citation to United States v. Berberian, 851 F.2d 236, 239 (9th Cir.1988) is misplaced. Holub did not effectuate a waiver of his speedy trial rights, he merely stipulated to a continuance in order to allow the preparation of a pre-plea presentence report