141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Andre Larone MORRIS, Defendant-Appellant.
 No. 97-10199.
D.C. No. CR-96-00022-1-DWH.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 12, 1998**.
Decided Mar. 4, 1998.
 
 Appeal from the United States District Court for the District of Nevada David W. Hagen, District Judge, Presiding.
 Before SNEED, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury convicted Andre Larone Morris on several counts of distribution of cocaine and cocaine base, possession with the intent to distribute cocaine, conspiracy to possess and distribute cocaine and cocaine base, and unlawful use of a communication facility. Morris appeals his conviction and sentence of life imprisonment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 DISCUSSION
 A. Suppression Motion
 
 3
 The district court did not err by denying Morris's suppression motion. The incriminating statements relating to hiring someone to kill a witness are clearly admissible because, at the time of the conversation, there were no pending charges against Morris for solicitation to murder. See McNeil v. Wisconsin, 501 U.S. 171, 175, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991); Maine v. Moulton, 474 U.S. 159, 180 n. 16, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985); Clabourne v. Lewis, 64 F.3d 1373, 1378 (9th Cir.1995). Assuming Morris made incriminating statements relating to the pending charges, these statements are admissible because Morris's cellmate did not "deliberately elicit" these statements. Morris's cellmate followed his instructions not to ask Morris any questions about the pending charges. The cellmate simply listened. In these circumstances, when the cellmate simply acted as an "earpiece," there is no Sixth Amendment violation. Kuhlmann v. Wilson, 477 U.S. 436, 459, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986); Brooks v. Kincheloe, 848 F.2d 940, 945 (9th Cir.1988).
 
 B. Speedy Trial
 
 4
 Morris argues the prosecution failed to bring him to trial within the time limits set by the Speedy Trial Act, 18 U.S.C. § 1361(c). Morris has waived this argument. He failed to file a motion to dismiss based on the alleged violation of his rights to a speedy trial and did not otherwise bring his objection to the district court's attention. See 18 U.S.C. § 3162(a)(2); see also United States v. Brown, 761 F.2d 1272, 1277 (9th Cir.1985); United States v. Berberian, 851 F.2d 236, 239-40 (9th Cir.1988).
 
 
 5
 In any event, Morris's speedy trial argument is meritless. The delay caused by the continuance of the trial from December 24, 1996, to January 14, 1997, was justified pursuant to the "ends of justice" exclusion. Section 3161(h)(8)(A) provides that the delay caused by a continuance is excludable time if "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).
 
 
 6
 The trial was continued to January 14th because Morris's counsel stated she could not be adequately prepared for trial on December 18th; the jury commissioner had represented that it would be difficult to get a panel of jurors for December 24th due to the holiday season; and, if it was possible to obtain jurors, the jurors might not have the necessary attention span. In these circumstances, the ends of justice exclusion justified the continuance. See United States v. Gallardo, 773 F.2d 1496, 1505 (9th Cir.1985) (time excluded when defense counsel needs additional time for trial preparation); United States v. Paschall, 988 F.2d 972, 975 (9th Cir.1993) (time excluded because grand jury quorum could not be formed due to inclement weather). There was no Speedy Trial Act violation.
 
 C. Allegedly False and Misleading Testimony
 
 7
 Morris argues the prosecution violated his due process rights by knowingly presenting testimony that he contends was false and misleading. The record does not support the assertion that false testimony was presented. Morris's due process rights were not violated. See United States v. Rewald, 889 F.2d 836, 860-61 (9th Cir.1989), as amended by, 902 F.2d 18 (9th Cir.1990).
 
 D. Sentencing Issues
 
 8
 The district court did not clearly err by refusing to grant Morris a two-point adjustment for acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1. Morris did not manifest any acceptance until after conviction and prior to sentencing. Further, Morris has accepted only minimal responsibility at best. His acceptance is limited to a statement to the probation officer that his sole source of income has been from the sale of illegal drugs. In these circumstances, the district court did not clearly err by denying the adjustment. See United States v. Easter, 66 F.3d 1018, 1024-25 (9th Cir.1995); United States v. Felix, 87 F.3d 1057, 1060-61 (9th Cir.1996); United States v. Dia, 69 F.3d 291, 293 (9th Cir.1995).
 
 
 9
 Morris's argument that the district court erred by giving him an adjustment for obstruction of justice also is without merit. The district court did not erroneously believe it was required to consider the acquitted conduct and to give Morris the adjustment. After defense counsel explained the court could consider the acquitted conduct, but was not required to, the district court stated, "I understand that."
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3