MEMORANDUM *
Danny Darnell Jones was indicted in the District of Nevada on a single count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). For reasons not completely ex *276 plained by the record, there was some delay by federal officers in retrieving him from the custody of the State of California. Jones later moved to dismiss the federal indictment based on alleged violations of his speedy trial rights. The district court denied that motion, and Jones subsequently pled guilty. He now appeals the district court’s denial of his motion to dismiss the indictment.
The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
I
Jones first contends that the district court erred by denying his motion to dismiss the indictment based upon an alleged violation of the Interstate Agreement on Detainers Act (“IAD”), 18 U.S.CApp. 2. We review de novo a district court’s refusal to dismiss an indictment under the IAD. United States v. Hall, 974 F.2d 1201, 1204 (9th Cir.1992). The factual findings underlying the decision are reviewed under the clearly erroneous standard. Id.
The IAD is an interstate compact entered into by 48 states, the United States, and the District of Columbia that creates uniform procedures for lodging and executing a detainer by one State against a prisoner serving a term of imprisonment in another State.[1] United States v. Lualemaga, 280 F.3d 1260, 1263 (9th Cir.2002). In relevant part, the IAD requires that a prisoner serving a term of imprisonment, against whom a detainer has been lodged, be brought to trial “within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer’s jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint.” 18 U.S.CApp. 2, § 2, art. 111(a).
Jones’s argument fails because the IAD is inapplicable to this case. The IAD, by its express terms, applies only to a “prisoner” — i.e., “a person [who] has entered upon a term of imprisonment in a penal or correctional institution of a party State.” Id. Because it is clear that he was not a “prisoner” who was serving a “term of imprisonment,” Jones, a pre-trial detainee in the custody of the Los Angeles County Sheriff, could not invoke the speedy trial rights of the IAD. See United States v. Reed, 620 F.2d 709, 711 (9th Cir.1980); see also United States v. Wilson, 27 F.3d 1126, 1130-31 (6th Cir.1994) (“This court has repeatedly held that the IAD applies to prisoners who have begun serving their sentence[s] and not to pre-trial detainees.”); United States v. Dobson, 586 F.2d 55, 58-59 (3d Cir.1978). Thus, there logically was no violation of Jones’s right to a speedy trial under the IAD where the IAD’s protections did not apply to him.
II
Jones next contends that the district court erred by denying his motion to dismiss the indictment based on his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. §§ 3161(c), 3162(a)(2). We review a district comb’s interpretation and application of the Speedy Trial Act de novo. United States v. Vo, 413 F.3d 1010, 1014 n. 1 (9th Cir.2005). We review a district court’s factual finding underlying an “ends of justice” exception for clear *277 error. United States v. Paschall, 988 F.2d 972, 974 (9th Cir.1993).
The Speedy Trial Act provides, in relevant part, that “the trial of a defendant ... shall commence within seventy days from the filing date ... of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.” 18 U.S.C. § 3161(e)(1). The Act provides that certain “periods of delay shall be excluded ... in computing the time within which the trial of any such offense must commence.” 18 U.S.C. § 3161(h). For instance, the Act excludes from the 70-day period “[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.” 18 U.S.C. § 3161(h)(8)(A) (2005).
Jones’s initial appearance and arraignment on the current federal gun charge occurred on August 5, 2005. The 70-day period under the Speedy Trial Act commenced on that date. See United States v. Palomba, 31 F.3d 1456, 1462 (9th Cir.1994). Trial was initially scheduled for September 27, 2005, but was continued pursuant to a stipulation and order 52 days after Jones’s initial appearance. Several similar stipulations and orders for continuances of the trial date, all drafted and proposed by the defense, followed. In granting these continuances, the district court properly found that the continuances sought by Jones were excludable from the time computation under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(A), (B) (2005). Accordingly, we find no violation of Jones’s right to a speedy trial under the Speedy Trial Act.
Finally, Jones argues that his indictment should be dismissed based on the Government’s negligent delay in violation of § 3161(j)(l) of the Speedy Trial Act.[2] We rejected this exact argument in United States v. Valentine, 783 F.2d 1413, 1415 (9th Cir.1986) (“[Dismissal of the indictment is not a remedy for a violation of section 3161(j)(l). Valentine’s appeal to the Speedy Trial Act is therefore fruitless.”). Jones argues that Valentine is wrongly decided. We need not comment further on this assertion because Valentine controls. Gen. Constr. Co. v. Castro, 401 F.3d 963, 975 (9th Cir.2005) (“[W]e are bound by decisions of prior panels unless an en banc decision, Supreme Court decision or subsequent legislation undermines those decisions.”).
Ill
The district court properly denied Jones’s motion to dismiss the indictment on speedy trial grounds.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. All parties to the IAD, including the United States, are defined as "States.” 18 U.S.C.App. 2, § 2, art. 11(a).

. Section 3161(j)(l) of the Speedy Trial Act states: "If the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly ... (A) undertake to obtain the presence of the prisoner for trial; or (B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.”