**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Alexander T. VALENTINE,**
**Defendant/Appellant.**

No. 84–5324.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 6, 1985.
Decided March 4, 1986.

Ronald J. Nessim, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

James D. Riddet, Aronson & Riddet, Santa Ana, Cal., for defendant-appellant.

Before WALLACE, CANBY and BEEZER, Circuit Judges.

CANBY, Circuit Judge:

Alexander T. Valentine was convicted for possession of a firearm by a convicted felon in violation of 18 U.S.C.App. § 1202(a) (1982). On appeal, Valentine raises the following issues: (1) whether the government's failure to bring Valentine promptly to trial in accord with § 3161(j)(1) of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (1982), requires the reversal of Valentine's conviction, (2) whether the government's delay in indicting Valentine denied him due process of law in violation of the Fifth Amendment to the United States Constitution, and (3) whether the government's delay in trying Valentine violated his right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution.[1] Because we find Valentine's arguments to be without merit, we affirm Valentine's conviction.

---

1. In addition, Valentine contends that the search warrant executed by police officers did not authorize a search of his trailer, and that the district court consequently erred in admitting evidence found in his trailer. In his plea agreement, Valentine contracted to limit the issues he might appeal to "the court's denial of his pretrial motion to suppress evidence and to dismiss the indictment for lack of speedy trial prosecution." The pretrial motion to suppress evidence referred to, however, was a motion to suppress evidence based on lack of probable cause in the

## I.

### FACTS

On January 1, 1983, in the District Court of Nevada, Valentine was convicted of unlawful dealing in firearms, 18 U.S.C. § 922(a)(1) (1982). On March 1, 1983, he was sentenced to two years in the custody of the Attorney General, sentence to commence on April 4, 1983. On April 1, 1983, three days prior to commencing service of his sentence, Valentine was arrested by Nevada state agents for possession of weapons. State charges were never filed, and Valentine commenced service of his sentence as ordered on April 4, 1983.

On April 3, 1984, Valentine was indicted in the United States District Court for the Central District of California on the present charge of possession of a firearm by a convicted felon. The charge was based on his possession of firearms at the time of his arrest by state agents one year earlier. On July 5, 1984, Valentine, without having received notice of his April 3 indictment, was released from custody. A federal prosecutor caused a warrant to be issued for Valentine's arrest, but no arrest was made. Valentine voluntarily surrendered to federal authorities on August 14, 1984. Valentine was arraigned on August 20, 1984, and trial was set for September 25, 1984.

## II.

### SECTION 3161(J)(1) OF THE SPEEDY TRIAL ACT

■ Valentine contends that his conviction must be reversed because the government, by failing even to notify Valentine of his indictment for approximately five months, violated his rights under § 3161(j)(1) of the Speedy Trial Act. Section 3161(j)(1) of the Speedy Trial Act provides:

If the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly—

(A) undertake to obtain the presence of the prisoner at trial; or

(B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.

The parties disagree whether the government prosecutor possessed the requisite knowledge of Valentine's imprisonment to give rise to a violation of section 3161(j)(1). We need not resolve that question, however, because we conclude that dismissal of the indictment is not a remedy for a violation of section 3161(j)(1). Valentine's appeal to the Speedy Trial Act is therefore fruitless. *See United States v. Lehman*, 756 F.2d 725, 727 n. 1 (9th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 406, 88 L.Ed.2d 357 (1985). *See also United States v. Anderton*, 752 F.2d 1005, 1008 (5th Cir.1985).

The language of the Speedy Trial Act clearly dictates that dismissal of an indictment is not a remedy for a violation of § 3161(j)(1).[2] Section 3162 establishes the sanctions for noncompliance with the sub-

---

affidavit supporting the search warrant. No motion to suppress evidence based on the failure of the search warrant to cover the trailer was ever made or denied. Consequently, Valentine has contractually waived his right to raise on appeal the issue of whether the search warrant authorized a search of his trailer.

2. We find the language of the Speedy Trial Act sufficiently clear to make unnecessary resort to the Act's legislative history. *See United States v. Oregon*, 366 U.S. 643, 648, 81 S.Ct. 1278, 1281, 6 L.Ed.2d 575 (1961). We note, however, that the only statement in the legislative history of the

Speedy Trial Act that could even arguably support Valentine's interpretation of the Act is more naturally read as supporting ours.

Valentine relies on the statement in the House Report on the Speedy Trial Act that, "in the event the time limits of the bill, subject to the various exclusions, are not met, the court on motion of the defendant, may dismiss the complaint, information or indictment against the individual." H.R.Rep. No. 93–1508, 93rd Cong., 2nd Sess. 4, *reprinted in* 1974 U.S.Code Cong. & Ad.News 7401, 7429. We reject Valentine's contention that "the time limits of the bill" refers to

stantive provisions of the Speedy Trial Act. Dismissal of an indictment is only appropriate under subsection (a) of § 3162. Subsection (a) states unambiguously that dismissal is appropriate in the event that, "no indictment or information is filed within the time limit required by *section 3161(b)* as extended by section 3161(h)," 18 U.S.C. § 3162(a)(1) (emphasis added), or the "defendant is not brought to trial within the time limit required by *section 3161(c)* as extended by § 3161(h)," 18 U.S.C. § 3162(a)(2) (emphasis added). The language of § 3162(a) contains no ambiguities that might allow its sanctions to be imposed for a violation of § 3161(j).

Perhaps the sanctions of section 3162(a) should be applied to violations of sections of the Act in addition to those listed in section 3162(a) itself. Both section 3161(d)(2) and section 3161(e) state that "[t]he sanctions of section 3162 apply to this subsection." Arguably, this language extends to subsections (d)(2) and (e) the sanctions of dismissal provided in section 3162(a). Certainly, Congress is aware of the literal scope of section 3162, and may extend that scope by explicit direction should it so desire. In light of section 3161(j)(1)'s failure to contain a similar proviso, we cannot infer that Congress intended that the sanction of dismissal be imposed for a violation of section 3161(j)(1).

Nor can we accept Valentine's contention that the unavailability of § 3162(a)'s dismissal sanction renders § 3161(j)(1) unenforceable. Under subsections 3162(b)(4) (C)–(E), a violation of § 3161(j)(1) may sub-ject the prosecuting government attorney to fines, suspension or the filing of a report with a disciplinary committee.[3] Although such sanctions are not remedial in nature, neither are they toothless. It is consequently not necessary to dismiss Valentine's indictment to give force to § 3161(j)(1).

## III.

### THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE

■ The Fifth Amendment guarantees that individuals will not be denied due process of law as a result of prosecutorial preindictment delay. In order to show a violation of this guarantee, Valentine must satisfy a two-pronged test. *United States v. Moran*, 759 F.2d 777, 780 (9th Cir.1985). First, he must prove that the delay caused him "actual prejudice." *Id.* Second, he must show that the length of the delay, when balanced against the government's reasons for the delay, offends those "fundamental conceptions of justice which lie at the base of our civil and political institutions." *Id.* at 782. *See United States v. Lovasco*, 431 U.S. 783, 790, 97 S.Ct. 2044, 2049, 52 L.Ed.2d 752 (1977).

■ Valentine fails to meet even the first prong of the test. Under *Moran*, "[t]he defendant has a heavy burden to prove that a pre-indictment delay caused actual prejudice: the proof must be definite and not speculative...." 759 F.2d at 782. Here, Valentine merely alleges in a generic manner the types of prejudice that pre-in-

---

other than the explicit thirty and seventy day time limits for indictment and trial established by §§ 3161(b), 3161(c), 3161(d) and 3161(e) (as well as the specific phase-in time limits established by § 3161(f) and 3161(g)). Though § 3161(j)(1) requires that the attorney for the government act "promptly," the requirement of promptness is too indefinite and subjective to be described as a "time limit." Furthermore, the House Judiciary Committee's reference to "the various exclusions" clearly refers to the exclusions set out in § 3161(h). These exclusions are relevant only to the time limits established by §§ 3161(b), 3161(c), 3161(d) and 3161(e).

**3.** 18 U.S.C. § 3162(b) provides in relevant part:

In any case in which counsel for the defendant or the attorney for the Government ... willfully fails to proceed to trial without justification consistent with section 3161 of this chapter, the court may punish the accused counsel or attorney, as follows:

.   .   .   .   .

(C) by imposing on any attorney for the Government a fine of [sic] not to exceed $250;
(D) by denying any such counsel or attorney for the Government the right to practice before the court considering such case for a period of not to exceed ninety days; or
(E) by filing a report with an appropriate disciplinary committee.

dictment delay may cause an incarcerated individual. He mentions the possibility of deprivation of concurrent sentencing that would reduce his total period of confinement, the possibility of improved conditions or shortened confinement on his first sentence that may result from the timely dismissal of the second offense, and the adverse effect upon rehabilitation that stress from delayed indictment may cause. *See Smith v. Hooey*, 393 U.S. 374, 378, 89 S.Ct. 575, 577, 21 L.Ed.2d 607 (1969); *Strunk v. United States*, 412 U.S. 434, 439, 93 S.Ct. 2260, 2263, 37 L.Ed.2d 56 (1973). Valentine, however, offers us no more than bare allegations that these potential injuries have actually been suffered. Consequently, we find them speculative and insufficient to establish a denial of due process.

## IV.

## THE SIXTH AMENDMENT'S SPEEDY TRIAL CLAUSE

■ Valentine contends that the government's delay in bringing him to trial violated his Sixth Amendment right to a speedy trial.[4] In assessing Valentine's Sixth Amendment claim, we must weigh four factors: the length of the delay between accusation and trial, the reason for the delay, the timeliness and manner of Valentine's assertion of his right to a speedy trial, and the prejudice to him caused by the delay. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101; *United States v. Solomon*, 753 F.2d 1522, 1526 (9th Cir.1985). While none of these four factors establish a necessary or sufficient condition for a finding of a deprivation of the right to a speedy trial, *Barker v. Wingo*, 407 U.S. at 533, 92 S.Ct. at 2193, the first factor, length of delay, acts "to some extent [as] a triggering mechanism." *Id.* at 530, 92 S.Ct. at 2192.

With respect to the first factor, the length of the pretrial period is to be measured from the date of Valentine's federal accusation. *United States v. Marion*, 404 U.S. 307, 313–20, 92 S.Ct. 455, 459–63, 30 L.Ed.2d 468 (1971). Accusation is effected either by arrest, service of summons or by indictment. *Id.* Though arrested *by State officers* on April 1, 1983 for acts that would ultimately found a federal indictment against him, Valentine was not accused by federal authorities until the return of his indictment on April 3, 1984. As Valentine's trial began on September 24, 1985, the delay between Valentine's accusation and trial lasted approximately six months.[5] In *United States v. Simmons*, 536 F.2d 827 (9th Cir.), *cert. denied*, 429 U.S. 854, 97 S.Ct. 148, 50 L.Ed.2d 130 (1976), we found that a six month delay of trial on forgery charges was a "borderline case" sufficient to trigger an inquiry into the remaining three factors. *Id.* at 831. Thus, while the delay in Valentine's case was not very long, it was sufficient to cause us to examine the other factors.

The precise explanation for the six month delay in bringing Valentine to trial is disputed by the parties and was not settled by the district court. Factors mentioned by the parties include institutional oversight, prosecutorial procrastination and general negligence. For purposes of decision, we assume that the government cannot otherwise explain the delay. In addition, the parties do not disagree that Valentine asserted his right to a speedy trial in a timely and proper manner.

It is the fourth factor, prejudice to the defendant, that weighs most heavily in our evaluation of Valentine's claim. The Supreme Court has identified three evils from which the Speedy Trial Clause is designed to protect the defendant: (1) oppressive pretrial incarceration; (2) protracted anxiety and concern; and (3) impairment of

---

4. The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI.

5. In his motion to dismiss brought before the district court, Valentine asserted, that his right to a trial within the thirty day limit established by 18 U.S.C. § 3161(b) had been violated. This claim was not raised on appeal and consequently we do not address it.

# 1418

trial defense. *Barker v. Wingo*, 407 U.S. at 532, 92 S.Ct. at 2193. From April 3 to July 4, 1984, Valentine was confined pursuant to his original federal conviction. From July 5 to August 14, 1984 Valentine was not incarcerated. Thus the only period in which Valentine suffered detention as a result of pretrial delay was from August 15 to September 25, 1984—a little over one month. Although one month's imprisonment is a serious matter, we do not, in this case, find that it was overly oppressive. Moreover, because Valentine was not notified of the charges pending against him until his return to federal custody, the delay he suffered caused him minimal anxiety. Finally, we note that some destruction of evidence or erosion of testimony is inevitable over a six month period. Valentine, however, has failed to demonstrate that his ability to defend himself against the charges brought against him was impaired in any significant manner.

In light of the "borderline" pretrial delay suffered by Valentine and the minimal prejudice that he suffered on account of this delay, we conclude that Valentine's right to a speedy trial has not been violated.

## V.

### CONCLUSION

Under the Speedy Trial Act, dismissal of the indictment is not a sanction for a violation of § 3161(j)(1). Consequently, Valentine's appeal of his conviction on the basis of § 3161(j)(1) is meritless. Valentine's claims under the Fifth and Sixth Amendments are defeated by the lack of prejudice caused by the government's delay in indicting and trying him.

The judgment of the district court is AFFIRMED.