891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent DORIA, Defendant-Appellant.
 No. 89-10107.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 25, 1989*
Decided Dec. 7, 1989.
 
 Lloyd D. George, District Judge, Presiding.
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vincent Doria appeals from the judgment entered upon his conviction and sentence on two counts for the use of an instrument of commerce to make threats to damage property by means of an explosive, in violation of 18 U.S.C. § 844(e). Doria contends that (1) the delay between the original indictment and his trial violated the Speedy Trial Act as well as his right to a speedy trial under the Sixth Amendment, (2) he was denied his right to the effective assistance of counsel at his trial, and (3) the district court abused its discretion in sentencing him. We disagree and affirm. We discuss each issue and the facts pertinent thereto under separate headings.
 
 
 3
 * SPEEDY TRIAL ACT
 
 
 4
 Doria contends that his conviction should be reversed because the delay between his original arraignment on September 15, 1986 and his trial on September 15, 1988 exceeded the 70-day limit imposed by the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). We disagree.
 
 
 5
 Doria failed to raise his Speedy Trial Act argument before trial. "Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty ... shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2); see also United States v. Brown, 761 F.2d 1272, 1276-77 (9th Cir.1985) (failure to raise Speedy Trial Act constitutes waiver).
 
 
 6
 Doria's argument that he "was in no position to assert his own rights as he was undergoing a difficult divorce, was facing another trial on scurrilous charges in another district and was temporarily incarcerated in a federal psychiatric institution," is unavailing. Doria was represented by counsel throughout these proceedings.
 
 II
 SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL
 
 7
 Doria asserts that the delay in bringing this matter to trial violated the speedy trial clause of the Sixth Amendment. We disagree.
 
 
 8
 In reviewing a speedy trial clause violation, we consider four factors: (1) the length of the pretrial delay, (2) the reason for the delay, (3) whether the defendant asserted his speedy trial right, and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972); United States v. Sears, Roebuck and Co., 877 F.2d 734, 739 (9th Cir.1989). "The length of delay is a 'threshold' factor. If 'presumptively prejudicial' the length of delay necessitates an examination of the other three factors." Sears, 877 F.2d at 739 (citations omitted).
 
 
 9
 The twenty-four month delay between the original indictment and the trial in the instant matter is sufficient to require an inquiry into the remaining speedy trial factors. See United States v. Valentine, 783 F.2d 1413, 1417 (9th Cir.1986) (six months between indictment and trial on charges of possession of a firearm by a convicted felon, although not very long, was "presumptively prejudicial"); United States v. Tercero, 640 F.2d 190, 194 (9th Cir.1980), cert. denied, 449 U.S. 1084 (1981) (twenty month delay between defendant's first trial resulting in a hung jury and second trial on charges of possession of marijuana with intent to distribute was clearly adequate to invoke further inquiry); United States v. Simmons, 536 F.2d 827, 831 (9th Cir.), cert. denied, 429 U.S. 854 (1976) (six month delay prior to trial on forgery charges was sufficiently lengthy to necessitate an inquiry into the other speedy trial factors).
 
 
 10
 "The reason for delay is the focal inquiry." Sears, 877 F.2d at 739 (citing United States v. Loud Hawk, 474 U.S. 302, 315 (1986)). The less at fault the government was for the delay, the more likely the delay was justified. Barker, 407 U.S. at 531.
 
 
 11
 On December 18 and December 23, 1986, approximately three months after he was originally indicted in the instant matter, Doria mailed sexually explicit photographs of a minor from Los Angeles, California, to his estranged wife in Henderson, Texas. (CR 11). He was arrested, indicted and put on trial in the Eastern District of Texas for unlawfully mailing a visual depiction of a minor engaging in sexually explicit conduct. (CR 11). Doria was convicted in the Texas case on October 13, 1987 and sentenced to a total of seven years imprisonment plus five years probation for committing an offense while on release for another offense. Id. Doria was temporarily released from his Texas prison so that he could be arraigned in the Nevada case on November 20, 1987. (CR 8). At the request of Doria's counsel, the arraignment was continued twice until December 4, 1987. (CR 12; CR 13). A trial date was set for January 25, 1988. (CR 18). The district court twice continued the trial date in order to allow Doria's counsel additional time to prepare for trial. (CR 22; CR 23). The trial date was then set for May 16, 1988. (CR 23). (CR 27). On May 11, 1988, five days before trial was to commence, Doria pleaded guilty to both counts and the trial date was vacated. (CR 30). On July 18, 1988, Doria was allowed to withdraw his guilty plea. (CR 38). Subsequently, the district court put the case back on calendar for September 12, 1988 and the trial occurred on September 15, 1988. (CR 39; CR 43).
 
 
 12
 This course of events demonstrates that the government was at fault for only a portion of the pretrial delay. First, there was a three-month gap between the original indictment and Doria's commission of the crime in the Texas matter. However, even this gap is not wholly attributable to the government since on November 13, 1986, in the midst of this time period, Doria pleaded guilty to the Las Vegas charges. Second there was a two-month period between Doria's arraignment on December 4, 1987, which was postponed due to his Texas case, and the first scheduled date of trial of January 25, 1988. Doria's requests for continuances coupled with his subsequently withdrawn plea of guilty contributed to the other pretrial delays. Thus, the government was solely responsible for no more than four months of pretrial delay, a minimal period for a case of this nature. See Simmons, 536 F.2d at 831 (for a simple crime, six month delay between indictment and trial was a "borderline" case just sufficiently prejudicial to be subject to judicial scrutiny); Valentine, 783 F.2d at 1417 (six month delay prior to trial on possession of a firearm by convicted felon was "not very long.").
 
 
 13
 The third factor, whether Doria asserted his right to a speedy trial, further undermines Doria's argument because he failed to assert his right to a speedy trial before the district court. Although a defendant cannot waive his or her sixth amendment right to a speedy trial, "the failure of [Doria] to press for trial on the merits 'is entitled to strong evidentiary weight' " in demonstrating that Doria was not deprived of his right to a speedy trial. Sears, 877 F.2d at 740 (citation omitted).
 
 
 14
 Doria asserts that he was prejudiced by the delay since the sentencing judge considered his Texas conviction before sentencing him. Appellant's Opening Brief at 11. The sentencing judge's consideration of Doria's previous criminal activity did not implicate the interests protected by the right to a speedy trial. In Barker, the Supreme Court instructed that a speedy trial is necessary to prevent oppressive pretrial incarceration, minimize anxiety of the defendant, and limit the possible impairment of a defense. Barker, 407 U.S. at 532. These concerns reflect the desire to protect the accused in the guilt phase of trial, not in the sentencing stage as Doria would suggest.
 
 III
 RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL
 
 15
 Doria makes two arguments that he was denied effective assistance of counsel. First, he asserts that his trial counsel did not provide him effective assistance because his counsel prejudiced the judge by stating at sidebar: "Judge, I just want you to--I just want you to understand that before we commence this exercise today, that from time to time it may arise that Mr. Doria becomes a little difficult ... I don't want you to think, Judge, that I am trying to waste your time." (RT 77). Doria contends that this alleged ineffectiveness "resulted in the trial judge being prejudiced against Doria at the time of imposition of sentence." Appellant's Opening Brief at 13.
 
 
 16
 "A claim of ineffective assistance of counsel in violation of the Sixth Amendment is a mixed question of law and fact which merits de novo review by this court." United States v. Rachels, 820 F.2d 325, 328 (9th Cir.1987).
 
 
 17
 To establish ineffective assistance of counsel, Doria must show that counsel performed deficiently in that he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). Doria must also show that he was prejudiced by counsel's deficient performance in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694.
 
 
 18
 Counsel made the above-quoted comments out of the presence of the jury. Even if these comments were the result of an "unprofessional error," they clearly could not affect the jury's decision. Moreover, no showing can be made that the judge was prejudiced by counsel's comments either at the guilt or sentencing phase of the trial. Judicial bias cannot stem from information and beliefs acquired while the judge is acting in his or her judicial capacity. United States v. Monaco, 852 F.2d 1143, 1147 (9th Cir.1988), cert. denied, 109 S.Ct 864 (1989) (citation omitted). Thus, Doria's first ineffective assistance contention must fail.
 
 
 19
 Doria's second ineffective assistance of counsel argument is that there was a "complete breakdown in communication" with his trial counsel. Appellant's Opening Brief at 14. He argues that this alleged breakdown is demonstrated by the following comments made by counsel to the trial judge:
 
 
 20
 And if [Doria] elects to take the stand, it will be against my advice. I would request, Your Honor, that if that is his decision that we make a record to some extent, for my protection, and that it is against my advice, and that there are certain risks inherent in his testimony. If you would assist me, I would appreciate it. I think you also might have the effect of making sure that Mr. Doria understands.
 
 
 21
 (RT 136). In United States v. Williams, 594 F.2d 1258, 1260 (9th Cir.1979), we held that the total incompatibility between the accused and his trial counsel deprived the accused of his right to the effective assistance of counsel. Williams, 594 F.2d at 1260. We found that the "client-attorney relationship had been a stormy one with quarrels, bad language, threats and counter threats." Williams, 594 F.2d at 1260. We can make no such finding from the record before us. In fact, the record demonstrates that Doria and his counsel eventually resolved their disagreement when Doria decided not to take the stand. (RT 139). No other instances of conflict appear on the record before us. We therefore reject Doria's second ineffective assistance contention.
 
 IV
 THE DISCRETION OF THE SENTENCING COURT
 
 22
 The district court sentenced Doria to two years imprisonment on Count One to run consecutively with the sentence he was serving for the Texas conviction. On Count Two Doria was sentenced to two years probation to run consecutively with the term imposed in the first count. Doria was also ordered to pay a special assessment of $100 under 18 U.S.C. § 3013.
 
 
 23
 Doria contends that the sentencing court abused its discretion in sentencing him by considering Doria's Texas conviction, by failing to individualize his sentence, and by not taking into account Doria's psychiatric reports and cultural background. These contentions have no merit.
 
 
 24
 When a sentence is within the statutory limits imposed, we review the sentence for an abuse of discretion. Monaco, 852 F.2d at 1151. Additionally, "[a] sentence which falls within statutory limits is ordinarily not reviewable unless there exist constitutional concerns." United States v. Meyers, 847 F.2d 1408, 1416 (1988). Doria's sentence for each count is within the statutory limits. 18 U.S.C. § 844(e) (1989). "The failure to individualize a sentence, however, compels reversal or resentencing of the defendant." Id. (citation omitted).
 
 
 25
 "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Accordingly, the sentencing court did not abuse its discretion by considering Doria's Texas conviction. See Campbell v. Kincheloe, 829 F.2d 1453, 1461 (9th Cir.1987), cert. denied, 109 S.Ct 380 (1988) (defendant must show that a prior conviction relied on to enhance the sentence was unconstitutional before the sentence will be subject to review).
 
 
 26
 Doria's assertion that the sentencing court did not properly consider his mental condition and cultural background is belied by the record before us. Both of these factors were discussed in detail at the sentencing hearing. Sentence Hearing Transcript at 5-14. Nothing in the record suggests that the judge did not take into account these factors in imposing Doria's sentence.
 
 
 27
 The comments made by the sentencing judge after announcing the sentence demonstrate that the sentence imposed was based on an individual assessment of Doria's guilt. The sentencing judge stated: [A]s long as you rationalize and you accept the idea that there was some justification, Mr. Doria, in doing what you did and you understand that you break the law, you pay the price and I hope that you come out a better person.... Sentence Hearing Transcript at 24. The record does not show that Doria's sentence was the result of "a mechanistic application of a given sentence to a given category of crime." United States v. Barker, 771 F.2d 1362, 1365 (9th Cir.1985). Accordingly, the trial court did not abuse its discretion in sentencing Doria.
 
 V
 SPECIAL ASSESSMENT
 
 28
 Although the parties do not raise the issue, we have held that the special assessment statute, 18 U.S.C. § 3013, was passed in violation of the origination clause of the U.S. Const., art. I, § 7. United States v. Munoz-Flores, 863 F.2d 654, 661 (9th Cir.1988), cert. granted, 58 U.S.L.W. 3212 (1989). Accordingly, the $100 special assessment portion of Doria's sentence is vacated.
 
 
 29
 The conviction is AFFIRMED. The sentence is AFFIRMED in part and VACATED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3