43 F.3d 1478
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald B. DESHOTELS, Petitioner-Appellant,
v.
STATE OF CALIFORNIA; James Gomez, Warden, Respondents-Appellees.
 No. 94-55127.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1994.*
Decided Dec. 15, 1994.
 
 Before: WIGGINS, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 INTRODUCTION
 
 2
 Donald B. Deshotels appeals the district court's denial of his petition for a writ of habeas corpus. The district court denied the petition in a lengthy and well-considered order. Deshotels timely filed a notice of appeal under Houston v. Lack, 487 U.S. 266 (1988). We granted a certificate of probable cause. We have jurisdiction under 28 U.S.C. Sec. 2253. We affirm the district court's denial of the writ of habeas corpus.
 
 DISCUSSION
 
 3
 Deshotels claims that the state violated the Interstate Agreement on Detainers Act (IAD), codified at California Penal Code Sec. 1389, by not trying him within 120 days. The state argues convincingly that there was no violation of the IAD. More important for present purposes, there was no constitutional violation of Deshotels's right to a speedy trial.
 
 
 4
 A violation of the IAD is not an infringement of a constitutional right. Diggs v. Owens, 833 F.2d 439, 442 (3d Cir.1987), cert. denied, 485 U.S. 979 (1988). For habeas relief, a petitioner must allege a violation of the Constitution, a federal law or treaty, Estelle v. McGuire, 112 S.Ct. 475 (1992); therefore, we look to whether the delay in trying Deshotels resulted in a violation of his Fifth or Sixth Amendment rights to a speedy trial. The tests for speedy-trial constitutional violations are set forth in United States v. Valentine, 783 F.2d 1413, 1416-18 (9th Cir.1986). Deshotels cannot meet the test for either a Fifth or a Sixth Amendment violation under Valentine; thus, he is not entitled to habeas relief on this claim.
 
 
 5
 Deshotels also contends his five-count conviction violated the Double Jeopardy Clause. His convictions on Counts 2 and 3 were for assault with a deadly weapon. His convictions on Counts 4 and 5 were for shooting at an occupied motor vehicle. Even assuming, arguendo, the latter are lesser-included offenses of the former, there is no violation of the Double Jeopardy Clause. Deshotels was sentenced only for Count 1 (the robbery) and Count 5 (the shooting). The trial court stayed sentence on the other counts. Deshotels, therefore, is not twice punished for the same act. See Ohio v. Johnson, 467 U.S. 493, 498 (1984).
 
 
 6
 Deshotels next claims that his Sixth Amendment right to counsel was denied because his trial counsel was ineffective. He points to three alleged failures of his trial counsel: (1) failure to challenge a photographic lineup as unduly suggestive, (2) failure to challenge the legality of his arrest, and (3) failure to present certain witnesses. None of these alleged omissions constituted deficient performance of counsel. Further, Deshotels cannot show prejudice.
 
 
 7
 The district court looked at the photographic lineup and found it was not unduly suggestive. We have independently examined the photographic lineup and agree with the district court's finding. Because the photographic lineup was not unduly suggestive, Deshotels's trial counsel's failure to object to it was not ineffective representation. Moreover, three witnesses identified Deshotels in court, and substantial other evidence tied him to the crimes.
 
 
 8
 Nor was trial counsel's failure to object to the legality of the arrest deficient performance; the district court found that the National City police officer who arrested Deshotels did so with probable cause.
 
 
 9
 Decisions as to which witnesses to call at trial are trial tactics and as such generally are outside Sixth Amendment challenge. Morris v. California, 966 F.2d 448, 456 (9th Cir.), cert. denied, 113 S.Ct. 96 (1992). Apart from this, however, even if the witnesses had testified as Deshotels claims they would have, their testimony would not have created reasonable doubt, because the proffered testimony went to a minor point and was cumulative of testimony already in evidence.
 
 
 10
 Deshotels also claims his conviction is not supported by substantial evidence. Our inquiry is whether a rational jury could have found proof beyond a reasonable doubt of all elements of the crimes of which Deshotels was convicted. Jackson v. Virginia, 443 U.S. 307 (1979). Here, the evidence was sufficient to support Deshotels's conviction under the Jackson standard. He was identified by three eyewitnesses, the getaway car was registered to his brother, and large amounts of cash were found on him and his brother when they were arrested.
 
 
 11
 Finally, Deshotels claims his absence from a pretrial consolidation hearing violated his Confrontation Clause and due process rights. We summarized the standard for a defendant's right to be present in Sturgis v. Goldsmith, 796 F.2d 1103 (9th Cir.1986).
 
 
 12
 A cardinal principle of our criminal justice system is that after indictment found, nothing shall be done in the absence of the prisoner. This guarantee is triggered whenever the defendant's presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge, unless the presence would be useless, or the benefit but a shadow.
 
 
 13
 Id. at 1108 (internal citations and quotation marks omitted). Testing Deshotels's absence from his consolidation hearing against this standard, we find no constitutional violation.
 
 
 14
 The state argues persuasively that California has a strong preference for consolidating criminal trials. People v. Gatlin, 209 Cal.App.3d 31, 42 (1989). Deshotels points to no contribution he would have made to the consolidation hearing that would have persuaded the judge to order separate trials. Deshotels instead argues that his presence at the hearing would have given him a chance to argue the alleged IAD violation. Deshotels's inability to argue the alleged IAD violation did not detract from the fairness of the consolidation hearing, as any IAD violation would be irrelevant in such a hearing. Moreover, Deshotels has not shown the consolidated trial resulted in any prejudice to him. The jury acquitted his brother of all charges, a healthy indication the jurors separated the evidence between Deshotels and his brother.
 
 
 15
 We have considered the remaining issues Deshotels raises on appeal, and have concluded they lack merit; no further discussion is necessary.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Deshotels's motion for appointment of counsel and request for oral argument are denied