**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bonifacio CHAVEZ–TORRES,**
**Defendant–Appellant.**

No. 02–30021.

D.C. No. CR–00–05585–FDB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Dec. 18, 2002.

Before REAVLEY,* KOZINSKI, and W. FLETCHER, Circuit Judges.

* Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

## MEMORANDUM **

### A. Ineffective Assistance of Counsel

Ineffective assistance claims ordinarily should be decided in a collateral proceeding. *See United States v. Quintero–Barraza,* 78 F.3d 1344, 1347 (9th Cir.1995). We will, however, consider the claim if the facts are adequately presented in the record. *Id.* We find the record adequately developed to resolve this issue. *See id.* at 1348–49 (addressing, in direct appeal, claim of ineffective assistance based on counsel's failure to suppress evidence allegedly obtained in violation of Fourth Amendment).

On the merits, to establish ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the second prong of this test, to meet the prejudice requirement, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

We agree with the government that Chavez has not demonstrated prejudice under the second prong of the *Strickland* test. The record demonstrates that even without the evidence obtained from the warrantless search, the agents would have sought a search warrant and the effort would have succeeded.

We excise the evidence obtained from the warrantless search and conclude that

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9TH CIR. R. 36–3.

the remaining evidence in the search warrant affidavit makes a sufficient probable cause showing. *See United States v. Reed,* 15 F.3d 928, 933 (9th Cir.1994).

Chavez has failed to show prejudice because the evidence legally obtained prior to the warrantless search and pursuant to the search warrant would not have been excluded, even if defense counsel had succeeded in suppressing the evidence obtained from the warrantless search.

### B. *Speedy Trial*

Constitutional speedy-trial claims are resolved by examining four factors: (1) the length of the delay between accusation and trial; (2) the reason for the delay; (3) when the defendant asserted his right; and (4) the prejudice to the defendant resulting from the delay. *Barker v. Wingo,* 407 U.S. 514, 530–33, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Unless the delay is "presumptively prejudicial" under the first factor, there is no need to proceed to the other factors. *Id.* at 530, 92 S.Ct. 2182.

Whether the delay is presumptively prejudicial depends on the particular circumstances of the case, *id.* at 530–31, 92 S.Ct. 2182, but the Supreme Court has noted that most lower courts have found a delay presumptively prejudicial as it "approaches" one year. *Doggett v. United States,* 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). Delay is ordinarily measured from the date of federal accusation by arrest, service of summons, or indictment. *See United States v. Valentine,* 783 F.2d 1413, 1417 (9th Cir. 1986). We have held that a six-month delay can present a "borderline case," *United States v. Simmons,* 536 F.2d 827, 831 (9th Cir.1976); we can see no peculiar or special circumstances for holding that the shorter delay in this case meets the first element in the *Barker* inquiry.

AFFIRMED.