**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

v.

**DIANE MAJHOR, Defendant.**

High Court of American Samoa
Trial Division

CR No. 20-03

November 23, 2005

Before RICHMOND, Associate Justice; and SAGAPOLUTELE, Associate Judge.

Counsel: For American Samoa Government, Donald Pitzer, Assistant
Attorney General
For Defendant Majhor, Paul F. Miller

ORDER DENYING MOTION TO DISMISS

### Introduction

As the parties are well aware, Defendant Dianne Majhor ("Majhor") faces two counts of tampering with physical evidence in connection to her alleged role in the murder of Wyatt Bowles, Jr. (CR No. 15-03), in addition to the controlled substance offense charged in this prosecution. Her husband, Richard Majhor, is currently awaiting trial on first degree murder charges in the Bowles case (CR. No. 10-03).

On March 27, 2003, in the course of the Bowles murder investigation, officers from the Department of Public Safety found one gram of Methamphetamine during a search of the Majhor's home. On May 29,

2003, five days after Majhor posted bail on the tampering charges and was released,[1] Plaintiff American Samoa Government ("ASG") charged Majhor with one count of possession of methamphetamine with intent to distribute (CR No. 20-03).[2] Subsequent to being charged with this controlled substance offense, Majhor has remained confined in the Tafuna Correctional Facility.

On August 11, 2003, during the initial pretrial conference on the possession charge, Majhor moved for a speedy trial and also requested a trial by jury. On September 2, 2003, given the amount of publicity the murder charges generated, ASG requested that the possession trial follow the murder and tampering trials by two weeks. Accordingly, ASG proposed a trial date sometime in mid-March 2004. At this hearing, Majhor again requested a speedy trial.

On September 29, 2003, the Court granted ASG's request. We noted that the homicide trial was currently set to begin on February 24, 2004, and set the trials on the tampering and possession charges to follow the homicide trial by two weeks.

The early 2004 trial dates came and went. On January 14, 2004, citing the need for more time to prepare to defend the capital charges he faced, Richard Majhor waived his speedy trial rights and moved to continue the murder trial. Diane Majhor, however, objected to continuing the tampering and possession trial dates. The Court subsequently granted Richard Majhor's motion and continued the murder trial to July 13, 2004. The drug and tampering trial dates were also moved to July 27, 2004 and August 3, 2004, respectively.

---

[1] Regarding bail, the District Court initially set bail in the tampering case at $35,000. Majhor posted that amount on May 24, 2003 and was briefly released. On June 5, 2003, after her arrest on the drug charges, the District Court set bail on that offense at $60,000 and bound Majhor to answer in the High Court. During her June 6, 2003 arraignment in this Court, we increased bail to $250,000 in order to: 1) assure her presence in court over what was now two separate prosecutions, and 2) because serious questions arose regarding the value of the property used as bail collateral in the tampering cases. On October 25, 2004, Majhor's motion for bail reduction was denied for the reasons listed above. Unable to post the $250,000 bond, Majhor remains incarcerated awaiting trial on both the tampering and drug charges.

[2] Richard Majhor was also charged with possession with intent to distribute (CR 21-03).

On July 6, 2004, as the new trial date approached, Richard Major again moved to continue the murder trial. Again, Majhor asserted her right to a speedy trial, requesting that the drug and tampering trials go forth as soon as possible. After a hearing on the issue, all three trials were rescheduled and set begin in early January 2005.

The January 2005 trial dates were eventually vacated and the Court continued the murder trial to July 5, 2005. On written motion, ASG moved to continue the tampering and drug cases until after the murder trial. Regarding the tampering charge, ASG argued that the facts underlying that action arose out of the alleged murder, and accordingly, should wait until after that trial took place. Similarly, ASG argued that many of the same witnesses, and much of the same evidence and testimony, would be used in both the murder trial and the collateral trials. Therefore, ASG argued it made sense to try those crimes contemporaneously. The Court granted ASG's continuance motion, this time moving the tampering trial to August 9, 2005 and the drug trial to August 16, 2005.

After the murder trial was again continued to February 7, 2006, ASG moved to continue the tampering and drug cases accordingly. On July 18, 2005, we granted ASG's request. Trial in the drug case is currently set for March 7, 2006 at 9:00 a.m.

Majhor now moves to dismiss the drug possession charge based the alleged denial of her right to a speedy trial.

## Discussion

■ A criminally accused's right to a speedy trial is guaranteed by Article I, Section 6 of the Revised Constitution of American Samoa, and by the Sixth Amendment to the United States Constitution.[3] The constitutional

---

[3] Article I, Section 6 of the Revised Constitution of American Samoa provides, in pertinent part, that:

> In all criminal prosecutions, the accused shall have the right to a speedy and public trial, to be informed of the nature and the cause of the accusation and to have a copy thereof; to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

REV. CONST. AM. SAMOA art. I § 6.

> The Sixth Amendment to the U.S. Constitution provides:
>
> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which

protections exist to help minimize the deprivation of liberty that results from lengthy pretrial incarcerations and unresolved criminal proceedings. *See United States v. MacDonald*, 456 U.S. 1, 7 (1982).

■ In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court established a four-factor test to determine whether a defendant's constitutional right to a speedy trial is violated. Those factors balance: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant. *Id.* at 530-32.

## I. Length of Delay

■ The length of the delay is a threshold consideration and the accused bears the burden proving the delay is "presumptively prejudicial" before courts will engage in a full *Barker* analysis. *United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir. 2003). "[D]epending on the nature of the charges, the lower courts have generally found post-accusation delay 'presumptively prejudicial' at least as it approaches one year." *Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992); *see also United States v. Valentine*, 783 F.2d 1413, 1417 (9th Cir. 1986) (finding delays of six months to be "borderline" prejudicial, particularly when the nature of the charges accused faces are not complex).[4]

Here, there is no doubt that Majhor meets this threshold burden, thus triggering our consideration of the remaining *Barker* factors. Majhor has been incarcerated since her arrest on May 29, 2003, and trial is currently scheduled for March 7, 2006. Thus, some 34 months will pass from incarceration to trial. Furthermore, given that the charge is for possession of one gram of methamphetamine—a relatively routine offense that requires little, if any, investigation or trial preparation—this almost three-year delay is prejudicial and weighs in Majhor's favor.

---

district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. CONST. amend. VI.

[4] Regarding measuring the length of delay, courts have consistently held that the length of delay is generally measured from the time the indictment is issued until the time of trial. *United States v. Gregory*, 322 F.3d 1157, 1162 (9th Cir. 2003).

## II. Reason for the Delay

■ Having concluded that the length of delay weighs in Majhor's favor, we now turn to the reasons behind the delay. As with the delay analysis—where the duration should be analyzed in relation to the complexity of the underlying offense—here too, "different weights should be assigned to different reasons." *Barker*, 407 U.S. at 531. Thus, "[a] deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government [while] more neutral reason[s] such as negligence or overcrowded courts should be weighted less heavily." *Id.*

■ Here, the main reason for the delay in trying the drug case in a timely manner is its connection to the murder case. The murder, tampering and possession charges all arise out of the same set of facts and percipient testimony. Physical evidence and resources used in the murder trial would also be used in the other trials. It therefore makes sense to try them all contemporaneously. Furthermore, as we have stated before, "[t]he paramount public interest is best served by first having fair and impartial trials of the homicide prosecutions, untainted by the evidence introduced during the trials of the collateral" matters. *American Samoa Gov't v. Majhor*, 7 A.S.R.3d 147, 149 (Trial Div. 2003). Thus, we are concerned with the very real specter that media publicity surrounding the collateral trials, should they occur first, could seriously impact the fairness of the murder trial.

Based on the above, we hold that more than mere prosecutorial neglect is at play here. We continue to give great deference to ASG's desire to prosecute crimes in the manner it deems appropriate. Although that deference must always tempered by the Constitution, legitimate prosecutorial delay designed to further the people's interest will always be respected. While three years is clearly a significant and lengthy delay, the special circumstances of this case warrant such delay; thus, this factor weighs in ASG's favor.

## III. Majhor's Assertion of Her Right to Speedy Trial

■ Prompt assertion of the right to a speedy trial weighs, at least slightly, in the accused's favor. *See Gregory*, 322 F.3d at 1162 n.4 (9th Cir. 2002).

Here, there can be no argument that Majhor promptly, and continuously, asserted her speedy trial rights. On August 11, 2003, Majhor first request a speedy trial and indeed, at almost every stage of this litigation, she has continued to assert her rights to a speedy trial.

Thus, this factor weighs in Majhor's favor.

## 4. Prejudice

■ The remaining *Barker* factor is prejudice. We have already concluded that Majhor is entitled to a presumption of prejudice based on the excessive length of her pretrial incarceration. This presumptive prejudice, however, is not conclusive and is simply "part of the mix of relevant facts." *Doggett*, 505 U.S. at 656. In assessing prejudice, courts have held that when the government is merely negligent, and that the delay did not greatly exceed the minimum time required to trigger the full *Barker* inquiry, "we must consider the amount of delay in relation to particularized prejudice." *United States v. Beamon*, 992 F.2d at 1009, 1014 (9th Cir. 1993).

Here, Majhor is charged with possession of methamphetamine. At first glance, this is not ordinarily the sort of charge that engenders a 34 month trial delay. However, as discussed above, the circumstances of this case are anything but ordinary.

While there is no doubt that this nearly three year delay prejudices Majhor, the reasons for the delay persuasively counter that prejudice. Thus, Majhor is not entitled to relief.

### Order

In our July 18, 2005 order granting ASG's motion to continue the drug and tampering trials, we noted that "at some point the prejudice to the defendants resulting from mere time delay . . . may outweigh otherwise legitimate purpose in conducting these trials after the homicide trial." *American Samoa Gov't v. Majhor*, CR 15-03, Order Denying Motion to Dismiss and Granting Motion to Continue at 5 (Trial Div. July 18, 2005). However, we have not yet reached that point.

To be sure, society has a particular interest in bringing swift prosecutions, and society's representatives are charged with protecting that interest. *Barker*, 407 U.S. at 526. However, because the possession charge is so related to the tampering and homicide charges, contemporaneous trials of all three are required. Thus, the delay in prosecuting the possession charge is justified.

Accordingly, Majhor's motion to dismiss CR No. 20-03 on speedy trial grounds is denied.

It is so ordered.