UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert T. FORD; William J. Tway,
Defendants–Appellants.

United States of America,
Plaintiff–Appellee,

v.

William J. Tway, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Robert T. Ford, Defendant–Appellant.

Nos. 06–30553, 07–30282, 07–30301.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2009.

Filed May 15, 2009.

George Breitsameter, Assistant U.S., Alan G. Burrow, Esquire, Assistant U.S., Syrena Case Hargrove, Assistant U.S., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Lawrence G. Siirhall, Jr., Lynn E. Thomas, Esquire, Boise, ID, for Defendants–Appellants.

378

Before: WARDLAW, PAEZ and N.R. SMITH, Circuit Judges.

MEMORANDUM *

We affirm the convictions of William Tway and Robert Ford ("Appellants") on charges relating to the filing of false returns with the Internal Revenue Service (IRS). Appellants waived their right to a jury trial and their right to have the trial judge make specific findings of fact and conclusions of law. After a bench trial, each Appellant was convicted of conspiracy to file false returns and/or defraud the United States, in violation of 18 U.S.C. § 371. Tway was also convicted of two counts of aiding and advising the filing of false returns, in violation of 26 U.S.C. § 7206(2). Appellants raise claims of (1) sufficiency of the evidence, (2) pre-indictment delay, (3) improper pre-trial amendment of the indictment, (4) sufficiency of the indictment, and (5) prosecutorial misconduct.

■ Viewing the evidence in the light most favorable to the prosecution, as we must, *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Esquivel–Ortega*, 484 F.3d 1221, 1224 (9th Cir.2007), there was sufficient evidence to convict each Appellant of the conspiracy charge and Tway of the aiding and advising charges. Giving the evidence every reasonable inference in favor of the government, the trial judge could have rationally concluded that Appel-

lants agreed to organize the foundation and manage its affairs to create a source of non-taxable revenue from which Appellants personally benefitted. The judge could also have concluded that the Appellants managed the foundation and their own personal affairs with the intent of concealing their gain. Because Appellants provided all of the information used to prepare the Form 990s but did not disclose that they personally received grants, the court could have rationally concluded that Appellants knowingly omitted information or reported false information to the IRS on the Form 990s in an effort to conceal facts that would jeopardize the foundation's tax-exempt status or state bingo license.

The trial judge properly considered all relevant evidence and was within his discretion to weigh the persuasiveness and credibility of the defense evidence presented. *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 (9th Cir.1999).

Appellants have waived the issue of pre-indictment delay by not raising it before trial. *United States v. Andros*, 484 F.2d 531, 533 (9th Cir.1973) (failure to raise before trial a claim that pre-indictment delay resulted in a violation of Fifth Amendment due process is waived) (citing *Benson v. United States*, 402 F.2d 576 (9th Cir.1968)). Nonetheless, Appellants have failed to show actual prejudice resulting from any pre-indictment delay. *See United States v. Valentine*, 783 F.2d 1413, 1416–17 (9th Cir.1986). Proof of prejudice "must be definite and not speculative, and the defendant must demonstrate how the loss of a witness and/or evidence is prejudicial to his case." *United States v. Moran*, 759 F.2d 777, 782 (9th Cir.1985) (citations omitted). "[T]he mere absence of

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

records [due to the passage of time] is not enough to establish actual prejudice." *United States v. Corona–Verbera,* 509 F.3d 1105, 1113 (9th Cir.2007) (citing *United States v. Manning,* 56 F.3d 1188, 1194 (9th Cir.1995)).

■ The government's pre-trial amendment of the indictment was a non-material amendment to correct a typographical error. *United States v. Lim,* 984 F.2d 331, 337 (9th Cir.1993). It did not alter the elements of the charged offenses or change the facts that would have to be proven at trial. Therefore, it did not result in a material variance or a constructive amendment of the indictment. *See United States v. Von Stoll,* 726 F.2d 584, 586 (9th Cir.1984).

The indictment was sufficient to give Appellants adequate notice of the charges against them. It contained a " 'plain, concise, and definite written statement of the essential facts constituting the offense charged.' " *United States v. Awad,* 551 F.3d 930, 935 (9th Cir.2009) (quoting Fed. R. Crim. P. 7(c)(1)).

■ The district court did not abuse its discretion in denying Appellant's motion to dismiss the indictment for prosecutorial misconduct before the grand jury. *See United States v. Eden,* 659 F.2d 1376, 1382 (9th Cir.1981). To the extent that the government misstated Idaho law, it was a minor misstatement on a matter that is collateral to the offenses actually charged in the indictment. This alleged misstatement was not excessive, flagrant, scandalous, or so offensive as to violate due process and therefore does not rise to the level of prosecutorial misconduct. *See United States v. Edmonds,* 103 F.3d 822, 825–26 (9th Cir.1996). Further, given the

guilty verdict, any prosecutorial misconduct before the Grand Jury is harmless beyond a reasonable doubt, because the guilty verdict substantiates the finding of probable cause made by the Grand Jury. *See United States v. Mechanik,* 475 U.S. 66, 70, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986) (supervening guilty verdict renders any prosecutorial misconduct before the Grand Jury to be harmless).

**AFFIRMED.**