An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEPHEN GILES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65091

**FILED**

NOV 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of attempted possession of a stolen vehicle. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Stephen Giles raises several challenges to the gang activity/affiliation portion of his presentence investigation report (PSI), which designates him as a member of the "Juggalos."

First, Giles asserts that the district court erred by declining to strike his designation as a Juggalo from the PSI because it was based upon highly suspect evidence. We disagree. When Giles objected to this portion of his PSI at sentencing, the district court continued the proceedings in order for Giles to examine the field interview cards wherein he identified himself as a Juggalo and as a member of other gangs. These cards were presented to the district court at sentencing. At sentencing, Giles did not contest that he was a Juggalo, but claimed that Juggalos are not gang members. The district court acknowledged that it did not know whether the Juggalos constituted a criminal gang, but pointed out that Giles had identified himself as a member of other gangs and offered to amend the PSI to reflect those memberships. Giles declined the district court's offer. Thereafter, the district court sentenced Giles to 12-34

14-37215

months' incarceration, to run concurrently with the sentence he was serving in an unrelated case. We conclude that the district court properly ensured that Giles' designation as a Juggalo was not based upon impalpable or highly suspect evidence and did not err by declining to strike the designation from the PSI. *See Gomez v. State*, 130 Nev. ___, ___, 324 P.3d 1226, 1228-29 (2014).[1]

Second, Giles asserts that the district court violated his right to due process by declining to give him a "meaningful opportunity" to challenge the designation of the Juggalos as a criminal gang in his PSI. We decline to consider this claim because Giles does not assert that the court considered the Juggalos' alleged status as a gang when imposing sentence and merely asserts that the designation might cause him negative consequences in the future. *See id.* at ___, 324 P.3d at 1229; *see generally United States v. Valentine*, 783 F.2d 1413, 1417 (9th Cir. 1986) (generic and speculative claims of potential injuries are insufficient to establish a violation of due process). *Accord United States v. Marion*, 404 U.S. 307, 325-26 (1971). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[1]To the extent that Giles asks this court to modify *Gomez*, we decline to do so.

cc: Hon. Valerie Adair, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk