NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 7 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30283 |
| Plaintiff-Appellee, | D.C. Nos. 4:19-cr-06043-SAB-1 |
| v. | 4:19-cr-06043-SAB |
| ROBERT SILVIO AGLI, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, Chief District Judge, Presiding

Submitted February 16, 2023**
Seattle, Washington

Before: PAEZ and VANDYKE, Circuit Judges, and BENITEZ,*** District Judge.

Robert Silvio Agli was convicted of one count of violating 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Felon in Possession of a Firearm). Agli challenges his

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

conviction on speedy trial grounds, asserting his statutory right under the Speedy Trial Act and his constitutional right under the Sixth Amendment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.      Agli argues the district court violated his rights under the Speedy Trial Act by failing to properly analyze the factors set forth in 18 U.S.C. § 3161(h)(7)(B) and *United States v. Olsen*, 21 F.4th 1036, 1046 (9th Cir. 2022). Agli raises this argument for the first time on appeal and as such, we cannot reach the merits of Agli's claim. The Speedy Trial Act states that "[f]ailure of the defendant to move for dismissal prior to trial . . . shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2). Here, it is undisputed that Agli failed to make any motion to dismiss the indictment, let alone a motion before trial. Agli's argument that he repeatedly asserted his speedy trial rights throughout the proceedings does not suffice to preserve his Speedy Trial Act claim. *United States v. Tanh Huu Lam*, 251 F.3d 852, 858 n.9 (9th Cir. 2001) (holding defendant waived his Speedy Trial Act claim because he failed to timely move to dismiss the indictment, despite the defendant's repeated assertions that he desired a speedy trial). Agli's reliance on *Olsen* also fails because there the defendant filed the requisite motion to dismiss. *See Olsen*, 21 F.4th at 1043. Because Agli failed to file a motion to dismiss his indictment before trial, he waived his Speedy Trial Act claim.

2.      Algi also argues that his Sixth Amendment right to a speedy trial was

2

violated. Four factors are evaluated to determine whether a pretrial delay violates a defendant's Sixth Amendment right to a speedy trial: (1) length of delay; (2) reason for delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). To trigger an analysis of all four factors, the accused must allege that the length of delay "crossed the threshold dividing ordinary delay from 'presumptively prejudicial' delay." *Doggett v. United States*, 505 U.S. 647, 651–52 (1992) (citation omitted); *see also Barker*, 407 U.S. at 530. "Although there is no bright-line rule, courts generally have found that delays approaching one year are presumptively prejudicial," and "a general consensus among the courts of appeals [is] that eight months constitutes the threshold minimum." *United States v. Gregory*, 322 F.3d 1157, 1161–62 & n.3 (9th Cir. 2003) (citations omitted).

This Court has held that six months was a "borderline" pretrial delay and although the delay "was not very long," it sufficed to trigger a full analysis. *United States v. Valentine*, 783 F.2d 1413, 1417–18 (9th Cir. 1986) (citation omitted). The disputed delay here was only 40 days, and Agli made no arguments to the district court, or on appeal, that the delay was presumptively prejudicial.[1] Accordingly, this

---

[1] Instead, Agli continues to argue that the district court failed to consider the *Olsen* factors with respect to his individual case. However, *Olsen* considered only the Speedy Trial Act and statutory factors are not necessarily applicable to a Sixth Amendment speedy trial claim. Instead, the *Barker* factors govern, and Agli makes no attempt to argue these factors.

length of delay does not trigger an analysis of the remaining *Barker* factors.

3.      Even if a 40-day delay was long enough to trigger a *Barker* analysis, the factors would still weigh against Agli's position. The reason for the delay was the COVID-19 pandemic and, based on public health advisories, holding trial prematurely would have curtailed the court's ability to obtain an adequate jury while limiting counsel and court staff's availability to be present in the courtroom. The delay served to ensure the court and parties were safely equipped to try the case. In addition, although Algi asserted his desire for a speedy trial throughout the proceedings through statements and objections on the record, this factor weighs against Agli because he did not file a motion to dismiss the indictment on Sixth Amendment grounds. *See Tanh Huu Lam*, 251 F.3d at 859 (concluding that defendant's delay in filing a motion to dismiss weighed against him). Finally, Agli made no argument that he was actually prejudiced by the delay and the record reveals only that Agli was "anxious to have his trial whenever he c[ould]." This minimal prejudice is insufficient to amount to a Sixth Amendment violation when viewing the factors as a whole. *See Valentine*, 783 F.2d at 1417–18 (holding that a six-month delay and minimal prejudice—*i.e.*, anxiety—did not violate the accused's constitutional right to a speedy trial).

**AFFIRMED.**

4